THE CHICAGO THEOLOGICAL SEMINARY

*v.*

ASAHEL GAGE.

*Filed at Ottawa May 12, 1882.*

1. APPEAL *from trial court to this court—in what cases.*   Since the amendatory act of 1879, amending section 88 of the Practice act, all cases involving a franchise, freehold or the validity of a statute, without regard to whether they are cases in chancery or at law, are required to be brought directly from the trial court to this court, and not to the Appellate Court.

2. SAME—*whether a freehold is involved.*   A freehold is involved in all cases where real estate is claimed under a deed regular on its face, and

purporting to convey title, which is sought to be set aside by an adverse claimant as a cloud upon the title of the latter, and in such cases an appeal lies directly to this court from the trial court.

3. Bill to foreclose—*determining adverse legal titles—former decision.* On bill in chancery to foreclose a mortgage, the complainant also sought to have set aside a tax deed for the premises embraced in the mortgage, as an alleged cloud upon the title of the mortgagee. The bill made the alleged owner of the tax deed a party defendant, averring that his claim of title was under a tax sale which was void, and that whatever interest he had in the premises was subsequent and subordinate to the rights of the mortgagee. For want of any answer by that defendant the bill was taken as confessed against him, and a final decree was entered annulling and setting aside his tax deed as a cloud upon complainant's title. Upon the question as to the right of the court below to entertain the bill at all, in so far as it concerned the alleged claim under the tax deed, this court said there seemed to be a misapprehension as to the true scope and effect of the decision in *Gage* v. *Perry,* 93 Ill. 176, where it was held that a court of equity had no right, upon a bill to foreclose a mortgage, to consider and pass upon an independent adverse claim of title, unconnected with that under which the mortgagee claimed, and alleged to be a cloud upon the mortgagee's title. In that case the owner of the tax title which constituted the alleged cloud, appeared, and answered, setting up his title as adverse to and independent of the supposed title of the mortgagor or of the mortgagee. That decision should be limited to the facts so disclosed. In this case no such defence was set up, and the allegations of the bill were admitted by the default to be true.

4. Practice—*in chancery—time to object for multifariousness, or that there is a remedy at law.* Where a bill in chancery for the foreclosure of a mortgage, also seeks to have removed an alleged cloud upon the title under which the mortgagee claims, the bill disclosing upon its face that the alleged cloud consists of an adverse claim of title independent of and unconnected with that of either the mortgagor or the mortgagee, an objection that the bill is multifarious because of the two-fold character of relief sought, or because the complainant has an adequate remedy at law in respect of the adverse claim of title, can not be availed of in the first instance in a court of review.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

The board of directors of the Chicago Theological Seminary exhibited their bill in chancery in the circuit court of Cook county, against Joshua A. Severns, Thomas D. Snyder,

Asahel Gage, and others.   The purpose of the bill was to foreclose a deed of trust executed by Severns to Snyder to secure a promissory note given by Severns to complainants, and also to remove an alleged cloud upon the title of a part of the mortgaged lands.   In respect to a portion of the claims constituting the alleged cloud upon title, the bill averred that defendant Gage claimed to have interests in said premises by reason of certain pretended sales thereof for the  State and county taxes pretended to  have been assessed and levied thereon, and  also  for  pretended sales for the city taxes of the city of Chicago, pretended to have been assessed and levied thereon, and by deeds issued by the county clerk of Cook county thereunder.   But, the bill further alleged, whatever interest in said premises the defendant Gage had, if any, was subsequent and subordinate to the rights of complainant.   It was alleged the tax levy, the judgment, and all proceedings thereunder, were void.   The prayer of the bill was, besides the foreclosure, that the tax sales be declared void, and that all tax certificates or deeds held by Gage, affecting the mortgaged premises, be adjudged void, and be delivered up to be canceled.

Subsequently, upon leave granted, an amended bill was filed, in which it was alleged that Gage claimed interest in certain of the lots included in the deed of trust, through a tax deed issued to him April 18, 1874, by the county clerk, upon certain sales for taxes due for the year 1870; that said sales and deed were void, and that by reason of such pretended sales and deed a cloud existed upon the title of complainants, and the security of their said trust deed was thereby impaired.

Gage failing to answer the original or amended bill in any way, his default was entered, as follows:   "And on filing due proof of personal service issued in said cause on said defendant, Asahel Gage, ten days, at least, before the return day thereof,    *   *   *   it is ordered that said defendant, Asahel

Gage, * * * plead, answer or demur to the amended bill of complaint in said cause, instanter; and said defendant, though solemnly called in open court, came not, but made default: whereupon it is ordered that the complainant's bill and amended bill of complaint in said cause be and they are hereby taken as confessed by said defendant Asahel Gage."

Afterwards the final decree was entered, reciting that it appearing from the writs issued to the sheriff of Cook county and the return thereon, that defendant, Asahel Gage, had been served with process at least ten days prior to the first day of the then present term of court, and having been ordered to plead, answer or demur to the amended bill of said complainants instanter, and not having done so, the default of said Asahel Gage was theretofore entered. It was therefore decreed that the bill be taken as confessed against said defendant.

It was then found by the decree that the allegations in the bill contained were true as therein stated, and that the equities were with the complainants. After providing for the matter of foreclosure, the decree declared: "It is further ordered, adjudged and decreed that said tax deed, issued April 18, 1874, by the county clerk, upon lots 17, 18, 19, 20, 21 and 22, in block 13, to Asahel Gage, upon certain pretended sales for State and county taxes of the year 1870, is null and void, and is hereby removed and set aside as a cloud upon the title of these complainants."

This decree, in so far as it concerned Gage, was reversed by the Appellate Court, and the case is brought to this court on error.

Mr. AUGUSTUS N. GAGE, for the defendant in error, in support of the motion to dismiss the writ of error, made the following points:

There can be no jurisdiction in this court to consider this writ of error, unless, first, there is a freehold involved; sec-

ond, the amount in controversy exceeds $1000; or, third, the Appellate Court has certified questions of law.   The nature of the suit is such, this must be so.   Sec. 8, Appellate Court act, Laws of 1877, p. 70.

This is a bill to foreclose a mortgage.   In such proceedings a freehold is not involved.   *Grand Tower Mining Mfg. Co.* v. *Hall*, 94 Ill. 152; *Carbine* v. *Fox*, 98 id. 146; *Pinneo* v. *Knox*, 100 id. 471; *McIntyre* v. *Yates*, id. 475; *Gage* v. *Board of Directors*, 8 Bradw. 410.

This record does not show the value of these lots, and there is nothing to show the value in controversy.   "The value in controversy not appearing to be $1000," the writ of error should be dismissed.   *Talcott* v. *Schuh*, 95 Ill. 201.

Mr. David Fales, for the plaintiff in error, *contra:*

As to strangers and third parties, the mortgagee is the owner of the fee.   He has the *jus in re* as well as the *jus ad rem*, and is entitled to all the rights and remedies which the law gives the owner.   *Oldham* v. *Pfleger*, 84 Ill. 102; *Carroll* v. *Ballance*, 26 id. 17; *Delehay* v. *Clement*, 3 Scam. 202; *Vanzant* v. *Allmon*, 23 id. 33.

The default was taken upon a bill to foreclose, which charged "that all interest of the defendant was acquired subsequently to the interest of your orator, and is subject to the rights of the complainant," and the default.   *French* v. *Martin*, 19 Ill. 111; *Thompson* v. *Morris*, 57 id. 339; *Boston* v. *Nichols*, 47 id. 353; *Hewing* v. *Woodhull*, 29 id. 92.

This court will look into the record to see if the amount involved is sufficient to give jurisdiction.   *Morris* v. *Preston*, 93 Ill. 215.

Mr. Justice Mulkey delivered the opinion of the Court:

This was a proceeding in equity, in the circuit court of Cook county, instituted by the plaintiff in error, against the defendant in error and others, for the purpose of foreclosing

a deed of trust executed by Joshua Severns to Thomas D. Snyder, to secure a note given by Severns to plaintiff in error for $15,000, and also for the purpose of removing an alleged cloud upon the title of a part of the mortgaged premises. Gage, though duly served with process, made no defence, and a decree *pro confesso* was rendered against him, setting aside certain tax deeds of his as a cloud upon the title of complainant. There was also a decree of foreclosure as to the other defendants, as prayed for in the bill. This decree as to Gage was reversed on error by the Appellate Court for the First District, the other parties acquiescing in the decree of the circuit court. Upon removing the record to this court for review, the defendant in error entered a formal motion to dismiss the writ of error, on the ground there is no law authorizing the writ in a case like this, which was reserved for the final consideration of the cause.

For the purposes of this motion, and indeed for all other purposes, the record before us, so far as it relates to the foreclosure of the deed of trust and to the parties to the original proceeding who have ceased to have any connection with it, must be kept out of view, and the case must be regarded precisely as if plaintiff in error had in the first instance filed a bill against Gage alone, for the purpose of having his tax deeds set aside as a cloud upon complainant's title, and Gage had suffered a decree by default to go against him in the manner he did.

The rule seems to be established by this court that a freehold will be regarded as involved in all cases where real estate is claimed under a deed regular on its face, and purporting to pass the title, which is sought to be set aside by an adverse claimant as a cloud upon the latter's title. *Hutchinson* v. *Howe,* 100 Ill. 20; *Gage* v. *Scales,* id. 218. While the writer of this opinion has never believed, and does not now believe, the rule in question is warranted by a fair construction of the statute, yet as a majority of the court hold the contrary view,

as shown in the cases cited, he submits to it purely on the ground of judicial precedent.

Applying, then, the rule to the case before us, it follows that a freehold is involved, and the motion to dismiss the writ of error must be overruled.

The 88th section of the Practice act of 1877 provided that appeals from and writs of error to the circuit courts, etc., in all criminal cases and cases in which a franchise, or freehold, or the validity of a statute was involved, *except in chancery* cases, should be taken directly to the Supreme Court, provided the party appealing or prosecuting the writ of error should elect to do so. Under that act it was held that chancery causes, although involving a freehold, franchise, or the validity of a statute, could only be brought to this court through the Appellate Court. The 88th section, however, was amended, in 1879, by dropping out the exception relating to chancery cases, thus putting all cases, whether at law or in equity, upon the same footing in this respect.

Since the amendatory act of 1879, all cases involving a franchise, freehold, etc., without regard to whether they are chancery or law cases, are required to come directly to this court. It therefore follows, the writ of error from the Appellate to the circuit court was improperly sued out in this case, and that that court failed to acquire jurisdiction to review the decree of the circuit court.

The judgment of the Appellate Court must therefore be reversed, and the cause remanded, with direction to that court to dismiss the writ of error.

Under the circumstances of this case we deem it proper to state there seems to be a misapprehension of the true scope and effect of the decision in the case of *Gage* v. *Perry*, 93 Ill. 176. What is there said as to the right of a court of equity, upon a bill to foreclose a mortgage, to consider and pass upon an independent title, unconnected with that under which the mortgagee claims, and which is alleged to be a cloud upon

the mortgagee's title, must be limited to the facts of that case. There the owner of the tax title appeared, and by his answer insisted that he did not claim title under the mortgagor, and that his rights were not subject to that of the mortgagee, and this answer was sustained by the proofs. In the present case no such defence is set up, by answer or otherwise, and the allegations of the bill are admitted by the default to be true.

But suppose the bill showed upon its face that the tax deeds in this case were an independent outstanding title, and that as to them the complainant had a complete remedy at law, it does not follow the decree should be reversed. It would simply show that there were two good defences to the bill, if insisted on at the proper time and in the legal mode, namely, multifariousness, and that the complainant had a complete remedy at law, yet nothing is better settled than that neither of these defences can be availed of in the first instance, as is sought to be done here, in a court of review. 1 Daniell's Ch. Prac. 346, note 3; *Labadie* v. *Hewitt*, 85 Ill. 341; *Henderson* v. *Cummings*, 44 id. 325; *Gilmore* v. *Sapp*, 101 id. 297; *Stout* v. *Cook*, 41 Ill. 447; *Hickey* v. *Forristal*, 49 id. 255; *Magee* v. *Magee*, 51 id. 500; *Dodge* v. *Wright*, 48 id. 382; *Knox County* v. *Davis*, 63 id. 405.

It was not intended by what was said in *Gage* v. *Perry*, to at all qualify or infringe upon the well recognized principles of equity law.

*Judgment reversed.*