## WILLIAM B. BUSHNELL
### v.
## THE CONSOLIDATED ICE MACHINE COMPANY ET AL.

*Corporations—Dissolution—Jurisdiction.*

1. An appeal in a controversy involving a franchise must be taken to the Supreme Court.

2. A franchise is as much involved when the relief sought is to enjoin a company from acting as a corporation, as when it is sought to enjoin the incorporation of a company by a given name.

3. This court sustains an order dismissing an appeal in the case presented, on the ground that it has no jurisdiction thereof.

[Opinion filed June 2, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. F. P. READ, for appellant.

Messrs. TATHAM & WEBSTER, for appellee.

MORAN, J.    A bill was filed by appellant against the appellees, seeking, among other relief, to have it declared that the term for which the appellee, "The Consolidated Ice Machine Company," was to continue in business, had expired, and to have the business of said company wound up, and the right to such relief depends upon allegations in the bill denying that the company was ever properly organized, or had so complied with the statute as to be entitled to do business as a corporation.

A demurrer was sustained to the bill, and the same dismissed for want of equity, and from said order this appeal is prosecuted. Appellee has moved to dismiss the appeal on the ground that this court has no jurisdiction in such a case. The motion must be granted. The right to be a corporation is itself a franchise. A franchise is as much involved when

the relief sought is to enjoin the company from acting as a corporation, as when it is sought to enjoin the incorporation of a company by a given name. Drummond Tobacco Co. v. Randle et al., 114 Ill. 412. When a franchise is involved the appeal must be taken to the Supreme Court. C. & W. I. R. R. Co. v. Dunbar, 95 Ill. 571; Coal Mining Co. v. Edwards, et al., 103 Ill. 472; Chicago Theological Seminary v. Gage, 103 Ill. 175.

*Appeal dismissed.*