## ELIZABETH A. ALLISON

v.

## MARGARET F. MALEY ET AL.

*Jurisdiction—Bill in Equity—Remedy at Law—Discretionary Power to Dismiss Bill on Court's Own Motion.*

The power possessed by a court of equity to dismiss a bill on its own motion, for want of jurisdiction, on the ground that the parties have a complete remedy at law, must be exercised with a sound discretion, and where to dismiss a bill on this ground would impose great and unnecessary hardship upon the parties it should not be done.

[Opinion filed December 22, 1890.]

IN ERROR to the Circuit Court of Warren County; the Hon. JOHN J. GLEN, Judge, presiding.

Messrs. PORTER & MACDILL, for plaintiff in error.

Mr. A. P. HUTCHINSON, for Charles M. Brownlee and Ralph P. Brownlee, defendants in error.

Messrs. GRIER & STEWART, for Alfred H. Rockwell, defendant in error.

*Per Curiam.* This was a bill filed by appellant against appellee and others, seeking an accounting. It appears that Margaret F. Maley was appointed guardian of appellant when she was about six years old, and gave a bond in the sum of $10,000 for the faithful performance of her duty. After appellant became of age, she had her guardian cited to appear before the County Court, where after a hearing she was found to be indebted to her ward in the sum of $800. Thomas Paxton, Alfred Rockwell and Nathaniel Brownlee were sureties on this bond. The amount found due appellant not having been paid by appellee, this bill was filed against appellee Maley, Alfred H. Rockwell and Thomas Paxton, and the heirs of Alfred M. Brownlee, praying for an accounting as to the amount due appellant from her guardian, and for a decree against her and sureties, compelling them to pay appellant the amount found due. The bill averred that Margaret F. Maley and Thomas M. Paxton were insolvent, and that Alfred H. Rockwell had been discharged in bankruptcy. The bill further averred that A. H. Brownlee had died and left his sons Charles M. and Ralph P. Brownlee as his heirs, and that these two sons had inherited from their father a large amount of real and personal estate, subject to the payment of his debts and legacies under his will. Maley and Paxton were defaulted. Rockwell set up in his answer his discharge in bankruptcy. Charles and Ralph Brownlee answered the bill, and a replication was filed. The Brownlees denied their liability.

The bill was filed December 11, 1889. The cause was heard at the May term, 1890, and after full argument had and consideration by the court the court dismissed the bill at cost of complainant for the reason stated in the decree "that the court had no jurisdiction in the cause, and because the

Allison v. Maley.

complainant has an adequate and complete remedy at law."

From that decree complainant sued out this writ of error. The only question before us is, whether the court erred in dismissing this bill for want of jurisdiction. The record shows that the defendants did not demur to the bill, nor deny the jurisdiction of the court in their answer, nor in any other manner whatever question the jurisdiction of the court, but on the contrary answered to the merits and went to trial and submitted themselves to the jurisdiction of the court. After having answered to the merits and gone to trial and without in any manner denying the jurisdiction of the court on the hearing below, it is now too late for the parties to raise that question in this court for the first time. City of Chicago v. Cameron, 22 Ill. App. 91; Stout v. Cook, 41 Ill. 447; Magee v. Magee, 51 Ill. 500; Seminary v. Gage, 103 Ill. 175. It is, however, insisted that the court on its own motion may dismiss the bill at any stage of the proceedings when the court finds it has no jurisdiction or that there is an adequate remedy at law. This contention finds support in Kimball v. Walker, 30 Ill. 482, and in Gage v. Schmidt, 104 Ill. 106. In Kimball v. Walker, while the court expressed the opinion that the trial court might have exercised that power, still it was not done, nor did the Supreme Court exercise that right, but kept the case and decided it upon its merits, and stated as a reason therefor that if the jurisdiction was denied and the case dismissed, it might result disastrously to the complainant on account of the running of the statute of limitations against a suit at law. In Gage v. Smith, the remark was thrown in incidentally in the opinion, and no such power was exercised, and the court there held the parties themselves are estopped to raise that question for the first time in the Supreme Court, and the court there again retained the case and disposed of it upon its merits. At most, as we understand the decisions of the Supreme Court upon this question, this power of the Circuit Court to dismiss a bill on its own motion for want of jurisdiction is a discretionary power, and ought always be exercised with a sound judicial discretion, and like other discretionary powers, may be reviewed where abused or improvidently exercised.

We are of opinion that the court in this case erred in dismissing this bill at the time and under the circumstances existing at the time; the bill had been pending for over a year. The parties had been to the expense of getting ready and preparing for trial, and had, in fact, tried the case, and it was ready to be disposed of on the merits. Neither party was asking the court to exercise this arbitrary power, but both asking a decree on the merits. The consequence of dismissing the bill was likely to amount to a denial of the complainant of any remedy at law on account of the statute of limitations being set up against her in a suit at law. There was no kind of necessity of turning the parties out of the court when they were all willing to submit to its jurisdiction, and again involving them in long and expensive litigation in a suit at law, even if they did have a full and complete remedy therein, and even if it be conceded they should have brought suit at law in the first instance.

We think it was the duty of the court to have decided the case on its merits at that time, and for that error the decree will be reversed and the cause remanded, with directions to the court to refer the cause to the master to state an account between the parties, and report this finding to the court, and that upon such report being made the court shall then hear the cause upon its merits upon such report, and render such decree as the evidence and the law shall require.

*Reversed and remanded.*