Bradford v. Bennett.

Bradford, Administrator, etc..v. Bennett et al.

1. *Survivorship in Personal Property.*—The common law rule of survivorship in respect to personal property jointly owned, has been abolished in this State by statutory provisions, in force since January 13, 1821.

2. *Decrees—Appeal by a Portion of the Parties.*—Where a part of the parties affected by a decree in equity appealed and the same was reversed, *it was held,* that the entire decree was reversed, although some of the parties did not appeal.

Memorandum.—Suit in equity. Appeal from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1891, and affirmed. Opinion filed October 31, 1892.

STATEMENT OF THE CASE BY THE COURT.

This was a bill in equity, filed on the 4th day of August, 1887, by Mary E. Bennett and Annie E. Bennett, two of the appellees, by Mary E. Bennett, their mother and next friend, wherein John S. Bradford, administrator of the estate of Samuel H. Treat, deceased, George W. Murray, administrator of the estate of Sarah M. Bennett, deceased, and Charles W. Bennett were made parties defendant. Subsequently Chesley M. Bennett, by Mary E. Bennett, his next friend, became a party complainant.

The bill alleged: That on the      day of      A. D. 1869, Sarah M. Bennett, the mother of complainant's father, died, leaving a last will and testament, which is set out in the

bill. By the first, second and third items it is provided as follows:

"First. I give and bequeath to my executors the sum of ten thousand dollars on the trust following, the income to be paid to my son, Charles W. Bennett, during his natural life; on his death, the said sum of ten thousand dollars to be equally divided among his children; and in case of his decease without issue, the said sum of ten thousand dollars to be equally divided between his aunts, Jane D. Hunt and Annie E. Treat."

"Second. All the rest of my estate, real and personal, I give and bequeath to my said son, Charles W. Bennett."

"Third. I nominate and appoint Samuel H. Treat sole executor of my estate."

That after the death of the said Sarah M. Bennett, Samuel H. Treat, the executor therein named, retained the said will in his custody, and never presented the same for probate, but took into his custody all the property of Sarah M. Bennett, consisting of money and promissory notes bearing interest at the rate of ten per cent per annum, said notes amounting, at the date of the death of Sarah M. Bennett, to about twenty thousand dollars. That Samuel H. Treat retained control of all the moneys and property of the said Sarah M. Bennett, deceased, until the 27th of March, 1887, when he died intestate; that on the 30th of March, 1887, John S. Bradford was appointed his administrator by the Probate Court of Sangamon County, Illinois. That after the death of Samuel H. Treat, the will of Sarah M. Bennett was found among his papers, and was admitted to probate in the County Court of Sangamon County on the 7th day of July, 1887, and George W. Murray was appointed administrator of the estate of Sarah M. Bennett with the will annexed, and that since said appointment said Murray, as such administrator, has filed a claim in the said Probate Court against the estate of the said Samuel H. Treat for the sum of ten thousand dollars, the amount which will be due complainants on the death of their father, Charles W. Bennett, according to the terms of the will of

Bradford v. Bennett.

the said Sarah M. Bennett. That complainants are the only living children of Charles W. Bennett, who was the only child of Sarah M. Bennett. That by the will of Sarah M. Bennett, ten thousand dollars was set apart and placed in the hands of her executor, the said Samuel H. Treat, to be by him preserved as a trust fund and paid to the children of Charles W. Bennett at his death; that the said Charles W. Bennett is still living, and while so living is entitled to the income from said trust fund. Prays that the court appoint a successor in trust of the said Treat, to receive the said sum of ten thousand dollars placed in the hands of the said Treat by said will, as a separate and sacred fund for the children of the said Charles W. Bennett, invest the same under the direction of the court, paying the income thereof to the said Charles W. Bennett during his life, and the principal of the same to the surviving children of the said Charles W. Bennett at his death, and for process and answer, but not under oath.

Answer of Charles W. Bennett: Admits death of Sarah M. Bennett, his mother, as alleged in bill, leaving will as therein described, which will was not probated until as alleged in bill; also that complainants are his children, and that they are entitled at his death to the sum of ten thousand dollars from the trust fund placed in the custody of the said Samuel H. Treat under the will of Sarah M. Bennett; that George W. Murray is the administrator with the will annexed of the estate of Sarah M. Bennett; and that the said Samuel H. Treat never offered for probate, the said will, but acted under and by virtue of its terms so far as to pay this respondent a portion of the amount placed in his hands by the said Sarah M. Bennett; that all other allegations of the bill are true.

Answer of John S. Bradford, administrator of the estate of Samuel H. Treat, admits death of Sarah M. Bennett, about October 30, 1869; that she left will as set out in bill, and that same was found at residence of Samuel H. Treat after his death; but denies that same was placed in custody of Treat for safe keeping by testatrix, or that he had

knowledge of its existence; denies that Samuel H. Treat took possession of any property belonging to Sarah M. Bennett, at or since her death, and that in truth she was not the owner of any property, real or personal, in her own right, at time of her death; that long prior to death of Sarah M. Bennett, certain notes were placed in the hands of Samuel H. Treat by the husband of Sarah M. Bennett, or some person unknown to respondent, to be held in trust for the benefit of Sarah M. Bennett and Charles W. Bennett during their joint lives, and at the death of Sarah M. Bennett the fund to be paid to Charles W. Bennett; that said Treat took charge and control of said assets, loaned and re-loaned money, and received and paid for the benefit of his *cestuis que trust*, before and since the death of Sarah M. Bennett, and that no part of said funds in his hands was under the control of Sarah M. Bennett, or subject to her disposal by will or otherwise.

Respondent admits that on proper accounting there is a small amount due Charles W. Bennett, but denies there is anything due complainants; admits death of Samuel H. Treat on March 27, 1887, and that respondent was on March 30, 1887, appointed administrator; that George W. Murray has been appointed by the same court administrator with the will annexed of the estate of Sarah M. Bennett, and that he has filed a claim as such administrator against the estate of Samuel H. Treat for $10,000, and denies all other allegations.

Cross-bill of Charles W. Bennett, making all other parties to original bill defendants; alleging the death of Sarah M. Bennett, and that she left a will, as set out in the original bill; that will was left in custody of Samuel H. Treat, who failed to present the same for probate, and the same was not probated until after his death; that Treat took possession of all the property of Sarah M. Bennett, deceased, and retained the same in his possession without probating the will or obtaining any authority to hold the same, and did use, retain and possess all of said property and the proceeds thereof as his own property, until the date of his death;

that the said Samuel H. Treat did receive and so appropriate of the property of the said Sarah M. Bennett, at the time of her death, the following :

| | |
|---|---:|
| Money on hand | $  914.61 |
| Notes and mortgages | 19,386.54 |
| Notes | 3,000.00 |

| | |
|---|---:|
| Total | $23,301.15 |

That all of said notes bore ten per cent interest, and that said Treat placed said $914.61 at interest at the same rate, and received the income thereof from the death of Sarah M. Bennett until his death; that the interest on said sums would amount to $2,330.11 per annum, all of which, according to the terms of the will, should have been paid to complainant by said Treat, as well as the sum of $13,301.15, being the amount placed in his hands, under the terms of the will, in excess of the sum of $10,000 to be by him held in trust for the children of the complainant.

That about the month of May, 1874, the said Samuel H. Treat rendered complainant an account which showed there was in his hands belonging to said estate in secured notes :

| | |
|---|---:|
| A principal sum of | $17,463.56 |
| Cash on hand | 2,335.11 |

| | |
|---|---:|
| Making a total of | $19,798.67 |

besides the interest then due and payable on the same; that said statement includes all amounts paid by Samuel H. Treat to complainant and every other person to whom the estate of Sarah M. Bennett was indebted, and also stated the balance in his hands belonging to said estate on the first day of May, 1874, less the interest due and unpaid upon the notes and securities he held, which unpaid interest complainant believes was in the neighborhood of $5,000.

That complainant has received many sums of money taken from the income of the said fund since the first day of May, 1874, the total amount of which he has no means of accurately ascertaining, but that an account of such payments was kept by the said Samuel H. Treat, and is now in the

possession of said administrator of his estate; but he distinctly denies that he has ever received any portion of the principal of the estate of the said Sarah M. Bennett, and, as he believes, but a portion of the income thereof due him.

That Samuel H. Treat took and held the moneys and securities belonging to the estate of Sarah M. Bennett, without having probated her will, or given bond and security, and he thereby became executor *de son tort* of said estate, and as such the administrator of his estate should be required to make an account, etc.; that he has never had any settlement or accounting, etc. The prayer of the cross-bill is, that the administrator of the estate of Samuel H. Treat pay complainant in cross-bill the sum found to be due to him on an accounting, as a sixth-class claim, and for general relief.

Answer of Geo. W. Murray, administrator of the estate of Sarah M. Bennett, to original bill, filed May 7, 1888, denying all allegations affecting the estate of Sarah M. Bennett.

Answer of John S. Bradford, administrator of the estate of Samuel H. Treat, deceased, to the cross-bill of Charles W. Bennett, filed December. Admits death of Sarah M. Bennett and sets up substantially the same facts as in his answer to original bill. Admits that Charles W. Bennett is entitled to an account and is ready and willing to aid in that direction so far as in his power. Defendant adopts as his answer to cross-bill, his answer to the original bill, in so far as the statement of assets and accounts is concerned and in so far as otherwise applicable, and denies all other allegations in cross-bill.

Mary E. Bennett and Annie E. Bennett, infants, by W. E. Shutt, their guardian *ad litem*, filed an answer to the cross-bill of Charles W. Bennett.

On May 7, 1888, the court entered a decree finding that the funds held by said Treat belonged jointly to Sarah M. and Charles W. Bennett, and that on the death of said Sarah the said Charles W., as surviving owner, took the entire estate, and that nothing passed by the will; that at the death of the said Samuel H. Treat no final account had been rendered

by him to the said Charles W. Bennett; that upon stating an account between said Bradford, administrator, etc., and said Charles W. Bennett, there is now due to the said Charles W. Bennett from the estate of the said Samuel H. Treat the sum of $3,500; the court therefore ordered, adjudged and decreed that said administrator pay to Charles W. Bennett the sum of $3,500 out of any money in his hands belonging to the estate, but not in due course of the administration, and when such sum shall be paid, the estate of the said Samuel H. Treat shall thereby be released and absolved from any and every claim of whatsoever kind of any nature, on the part of any of the parties to this suit, growing out of the administration of the said trust estate of Sarah M. and Charles W. Bennett by the said Samuel H. Treat during his life, or by the said Bradford, administrator of his estate, since his death, and that the administrator pay the costs.

On July 28, 1890, was filed in said Circuit Court final order of the Supreme Court of the State of Illinois reversing said decree and remanding the cause to the Circuit Court for further proceedings. In this final order it appears that only Mary E. Bennett and Annie E. Bennett were plaintiffs in error.

On the 6th of April, 1891, John S. Bradford, administrator of the estate of Samuel H. Treat, deceased, filed an amended answer to the complainant's bill, setting up the former decree, and that he paid said sum of $3,500 to said Charles W. Bennett, and that said Charles W. Bennett did not appeal from said decree, and that the same is in full force and unreversed as to him.

The cause was duly heard and a decree was rendered finding that said Samuel H. Treat died intestate, as alleged, and that the County Court appointed said John S. Bradford administrator of the estate of said Treat; that at the time of his death the said Samuel H. Treat was a trustee, as such holding and managing a fund of $10,000 for the use of Charles W. Bennett, during his lifetime, and to go to his children at his death; that said sum of $10,000 was so held and managed by said Treat under the will of Sarah M. Bennett.

That in and by said will the said Treat was named and designated as the sole executor thereof; that said Sarah M. Bennett died on or about the 30th day of October, 1869, testate; that said Treat, from the time of the death of said Sarah M. Bennett till the time of his death as aforesaid, held in his custody the said will of Sarah M. Bennett, and also took and held her estate; and that after the death of said Treat, the said will of Sarah M. Bennett was duly admitted to probate and record in the County Court of Sangamon County, Illinois; that Charles W. Bennett still lives and his only children are Mary E. Bennett, Annie E. Bennett and Chesley M. Bennett, the latter having been born since the beginning of this suit and having been made a party thereto as complainant on motion of complainants; that said trust fund so held by said Treat at his death passed into the hands of said Bradford as administrator as aforesaid, but was not subject to administration by said Bradford as part of the estate of said Treat.

It was therefore ordered, adjudged and decreed by the court, that said John S. Bradford, administrator as aforesaid, pay over to Samuel Haines, trustee, the said sum of ten thousand dollars, to be by the said Haines held and managed as provided for in and by the will of said Sarah M. Bennett.

That said Samuel Haines hold and manage said trust fund of ten thousand dollars, as the successor of said Treat; and that said Samuel Haines, before entering upon his duties as such trustee, shall give and enter into a bond in the penal sum of fifteen thousand dollars, with sureties to be approved by the court, conditioned to faithfully hold and manage said trust fund as above provided and set forth, and to account for same whenever required by the court, etc., etc.

The said John S. Bradford appealed from said decree and having died since the case reached this court, Charles E. Hay, administrator *de bonis non*, appeared and became a party in his stead.

BROWN, WHEELER & BROWN, solicitors for appellant.

GROSS & BROADWELL, solicitors for appellees.

OPINION OF THE COURT, *the Hon. George W. Wall, Judge.*

The most important question arising in the case is involved in the point made last in the brief of appellant, *i. e.,* whether the common law rule of survivorship in respect to personal property jointly owned prevails in this State?

If this question can be answered affirmatively the complainants in the bill had no standing in court.

We are persuaded the rule has been abolished by statutory provisions in force since January 13, 1821.

Sections 1, 2, 3 and 4 of the act then passed, entitled " An Act concerning partitions and joint rights and obligations," are as follows:

" Section 1. That all joint tenants or tenants in common, who now are, or hereafter shall be possessed of any estate of inheritance, or estates less than those of inheritance, either in their own rights, or in the rights of their wives, may be compelled to make partition between them of such lands, tenements or hereditaments, as they now hold, or hereafter shall hold, as joint tenants or tenants in common. *Provided, however,* that no such partition, between joint tenants or tenants in common, who hold or shall hold, estates for life or years, with others holding equal or greater estate, shall prejudice any entitled to the reversion or remainder, after the death of the tenants for life, or after the expiration of the years.

" Section 2. That if partition be not made between joint tenants, the parts of those who die first shall not accrue to the survivor or survivors, but descend or pass by devise, and shall be subject to debts, dower, charges, etc., or transmissible to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common.

" Section 3. That for assuming and exercising exclusive ownership over, or taking away, destroying, lessening in value, or otherwise injuring or abusing the thing held in joint tenancy, tenancy in common, or parcenary, the party aggrieved shall have his action of trespass or trover for the injury, in the same way as if such joint tenancy, etc., did not exist.

"Section 4.    That all joint obligations and covenants shall hereafter be taken and held to be joint and several obligations and covenants."

In the revision of 1833, p. 473, the same provisions are found under the same title, but in the revision of 1845, section 1 was transferred in substance to chapter 79, entitled, "*Partitions*" while sections 2, 3 and 4 became sections 1, 2 and 3 of chapter 56, entitled, "*joint rights and obligations*," and so the provisions may be found in the revision of 1874, chapters 76 and 106.    In the revision of 1845 a slight change was made in section 3, the words "any property" having been substituted for the words "the thing."

It seems reasonably clear that section 2 of the act of 1821 being section 1 of the present chapter 76, is broad enough to include personal as well as real property, and that some of the phraseology, to wit, that referring to transmissibility to executors and administrators, is especially applicable to personal estate.

Section 3 of the original act, section 2 of chapter 76, manifestly includes a reference to personal property held in joint ownership and has been so construed by our Supreme Court.    Benjamin v. Stremple, 13 Ill. 466; Boyle v. Levings, 28 Ill. 314; German National Bank v. Meadowcroft, 95 Ill. 124.

Regarding these sections together, as we necessarily must, strengthens the position of the appellee.    After a full consideration of all arguments adduced by counsel we are satisfied with the conclusion reached by the Circuit Court on this branch of the case.

Returning now to the points made by appellant in the order as they appear in the brief, it is urged first that the relief is not within the jurisdiction of a court of equity. This objection does not appear to have been pressed in the court below, and the position now taken that an adequate remedy at law is afforded by the statute in reference to administrations should not be presented for the first time in this court.    Chicago Theo. Sem. v. Gage, 103 Ill. 175.    But we think the subject-matter and the conditions are such that

the County Court could not adequately deal with the rights of the parties and that a resort to chancery was proper, and indeed, necessary.

The next point, that necessary parties were omitted, must also be overruled.

There was no attempt to administer the estate generally, but merely to withdraw from the hands of the administrator a certain fund, as not belonging to the estate, and to place it in the hands of a trustee to be managed according to certain directions contained in the will of Mrs. Bennett.

In this connection may be noticed the point fifthly made, that the decree is erroneous in charging the estate of Samuel II. Treat with any act or default of his as executor or trustee under said will. It is true the executor named in the will did not present the same for probate and did not formally act as executor, but he assumed to manage, handle and control the property affected by the will and there was evidence tending to show that he recognized it as the property of the testatrix and as subject to the testamentary provisions. We are unable to see any force in this objection.

A further point is made that there has been no such identification of the trust fund, or of its proceeds, as will enable the court to lay hold of any property in the hands of the administrator as impressed with the trust. A majority of the court are of opinion this point is not well taken, and that the decree in this respect is sufficiently supported by the proof.

The statute provides that where a decedent has received money in trust for any purpose his administrator shall pay the same out as a sixth-class claim. R. S., Ch. 3, Sec. 70. The claim thus arising takes precedence of other debts and demands of a general nature which constitute claims of the seventh class.

On examining the report of the administrator which appears in the abstract it is quite evident that there were ample funds for the payment of all claims of the first, second, third, fourth and fifth classes. It follows that even though the identification of the funds or the proceeds thereof may

not be what the law would require, yet by virtue of this provision of the statute the money in question must be paid out in preference to the claims of ordinary creditors, and that no error was committed in this respect, since the rule of the statute has been substantially carried out.

Finally, it is objected the decree is erroneous, in providing that the money should be managed by the trustee, as provided in the will, because it thereby gives Charles M. Bennett the income of the money during his lifetime, when by the former decree in the case it was found that though he was entitled to all the money remaining in the hands of said Treat, the balance so due him was but $3,500, for which a decree was rendered, and that the money had been paid him.

It is suggested, therefore, that in making the further provision for him as was done in this decree the court erred; and it is argued that the income of the $10,000 should be used to reimburse the estate of Judge Treat the amount thus paid to said Bennett in excess of what should have been paid to him. It appears that the former decree was in fact rendered by consent, though the decree upon its face does not so show, and that C. W. Bennett did not appeal from it.

We are inclined to hold that the entire decree was reversed, although C. W. Bennett did not appeal. Hence, it would seem that the matters arising upon the cross-bill should have been examined. It will be noticed that the allegations of the cross-bill as well as of Bennett's answer are consistent with the theory of the original bill.

The cross-bill merely seeks an accounting as to the balance due C. W. Bennett as owner of one half of the money originally placed in the hands of Judge Treat and as residuary legatee of his mother. The first decree, however, found that he took the whole as survivor, and that there was due him on that account $3,500.

This amount was at once paid him, and when the decree was reversed it may be conceded that he should account for it to the administrator.

Bradford v. Bennett.

Now the question is, in what way may the administrator have relief. Probably he could recover the amount in an action at law, but he might also have relief in this proceeding, the parties all being before the court.

In order to have such relief it would be necessary that the court should be properly called upon at the instance of the administrator.

It seems that the issue made up on the cross-bill of C. W. Bennett was not presented to the court on the last hearing, and there appears to have been no examination of the question as to the amount due him from the estate. This branch of the case was in effect ignored or passed over. The record shows that the cause was submitted upon the issues made on the original bill and the answers and the replications thereto. It is not indispensable that the issue made upon the cross-bill should be heard along with that made upon the original bill. Myers v. Manny, 63 Ill. 211.

The amended answer of Bradford sets up the former decree, that he paid said sum of $3,500 to C. W. Bennett, that said Bennett did not appeal therefrom, and that the same is in full force and unreversed as to him.

It would appear, therefore, that the administrator was disposed to regard the former decree as a finality, so far as C. W. Bennett was concerned, and that no effort was made to interpose it as a bar to the relief sought by the complaints.

Assuming that that decree was reversed and that the money paid thereunder should be accounted for by C. W. Bennett, and that he should be required to refund it, or that his income on the $10,000 should be used to reimburse the estate for the excess received by him, the question is whether, upon the pleadings and evidence, the present decree is erroneous because containing no such provision. In the first place, it is not apparent what, if any, excess Bennett really has received, assuming that he took nothing as survivor; and in the second place, we are inclined to think that, under the pleadings as made up, the administrator should not now be heard to make the point.

By his amended answer he affirmed the binding force of the former decree as to C. W. Bennett.

That decree, according to the pleadings as then made up, could not affect the rights of the complainants, though upon its face and according to its findings, it did deny any interest to them in the estate. Nor did the administrator ask the court for any relief as against C. W. Bennett in respect to that money. Such relief might have been sought by cross-bill; but none was filed, nor did the answer set up any desire for such relief. Indeed, the whole issue submitted to the court was upon the main question presented by the original bill and the answers, as to the rights of complainants.

In view of the situation thus presented, we are of opinion that the decree should not be reversed for this cause.

No other objections are urged, and failing to discover any error of substance in the decree, we must affirm it.