## Nina Claycomb, Administratrix of the Estate of Gertrude A. Carter, Deceased, and J. A. Bradley, Trustee, Appellees, v. Robert B. Lyon, Appellant.

### Gen. No. 7,230.

EQUITY—*refusal to continue hearing on original bill until pleadings on cross-bill at issue not error.* It was not error for the court to refuse to continue hearing on an original bill for foreclosure of a trust deed until the pleadings on defendant's cross-bill should be at issue, where the answer to the original bill admitted the execution of the note and trust deed and made no defense thereto, except by an allegation that complainant's solicitor had agreed with defendant to accept other security in lieu of the note and trust deed, and the cross-bill made new parties necessary who could only be brought in at a subsequent term, and raised new issues involving long delay.

Appeal by defendant from the Circuit Court of Henry county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed January 7, 1924.

HARRY E. BROWN, for appellant.

HENRY WATERMAN, for appellees.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

The appellee, Nina Claycomb, as administratrix of the estate of Gertrude A. Carter, deceased, filed her bill in the circuit court of Henry county against the appellant, Robert B. Lyon, to foreclose a trust deed given to secure a note of $3,600 executed by appellant. The appellant filed his answer in which he admitted the execution of the note and trust deed, and alleged that afterwards he executed twenty-eight $1,000 notes, payable in five years, and delivered twenty-six of them to the Geneseo Savings Bank of Geneseo, Illinois,

which notes were secured by a trust deed on all of the lands of appellant including the lands covered by the trust deed to appellee; that it was agreed between the bank and appellant that the bank should pay the note due to appellee together with other obligations owing by the appellant to various other parties; that the bank paid some of the indebtedness of the appellant but did not pay the note in question in this case; that previous to the execution of the trust deed to the appellee and the trust deed to the bank, the appellant made an agreement with Henry Waterman, who is the solicitor for the appellee in this case, whereby Waterman accepted the bank in payment of the debt due appellee in lieu of the note and trust deed described in the bill, and it was agreed that the bank should pay, without delay, the amount due appellee. At about the same time the answer was filed, the appellant filed a cross-bill in which he set out substantially the same facts as were alleged in his answer. In addition thereto, the cross-bill alleged that the Geneseo Savings Bank had become insolvent and was in the hands of a receiver; that its insolvency was occasioned by the misconduct of its officers and directors; that the money received by the bank as the proceeds of the twenty-six notes was a trust fund and out of the trust fund the claim of the appellee should be paid. The cross-bill made the officers and directors of the bank parties defendant and prayed that they be ordered to pay to the appellant such sum as would compensate him for all losses and damages sustained by reason of their fraudulent and negligent conduct as directors, and that the receiver of the bank be ordered to pay to appellee the amount due on the note and trust deed described in the original bill.

The abstract does not show the proceedings fully enough to enable us to determine what the subsequent action of the court was. There is, however, an affidavit filed by appellant in which it is alleged that he requested the chancellor to continue the hearing on

the original bill and cross-bill to the next term of court, but that the chancellor refused to do so and referred the cause to the master to take the evidence under the original bill.  The evidence was taken, the master recommended a decree of foreclosure under the original bill, exceptions were filed to the report of the master, which were overruled, and a decree was entered in favor of the appellee under the original bill.  ·

The appellant states that the only question presented upon this appeal is whether the chancellor committed error in refusing to continue the proceedings on the original bill until the pleadings upon the cross-bill were at issue and then hear the cross-bill and original bill together.

A cross-bill is not a part of the original proceedings and does not depend upon it.  By filing a cross-bill the suit will not necessarily be delayed until after the cross-bill is at issue.  The two cases may be tried together if they are both at issue and ready to be heard. If both are not at issue and are not ready to be heard they may be tried separately.  It has been held that it is not error to proceed to a hearing on the original bill before the cross-bill is ready to be heard.  This is a question which depends upon the facts of the particular case and is within the sound discretion of the chancellor for determination.  *Myers v. Manny*, 63 Ill. 211; *Davis v. American & Foreign Christian Union*, 100 Ill. 313; *Bradford v. Bennett*, 48 Ill. App. 145; *Dornan v. Buckley*, 119 Ill. App. 523.

In this case it was admitted in the answer that the appellant executed the note and trust deed in question, and most of the facts set out in the cross-bill were alleged in the answer so that the original bill and the answer raised all of the questions in controversy between appellee and appellant.  There was no defense to the note of appellee.  It is true there was an allegation that the attorney for the appellee had agreed to accept the Geneseo Savings Bank in payment of the note described in the original bill.  This allegation,

however, was not sufficient to justify the chancellor in holding that the agreement released the appellant under the original note and trust fund. It was not incumbent upon the appellee to wait until the end of a long litigation between appellant and the officers and directors of the bank relative to the twenty-six notes before the appellee was entitled to a decree. The original suit was at issue, the cross-bill made new parties to the suit who could not properly be brought into court until the subsequent term, and under all these facts and circumstances the chancellor properly referred the cause to the master under the original bill and properly entered a decree on the original bill without waiting until the cross-bill was at issue.

For this reason the decree will be affirmed.

*Decree affirmed.*