# GEORGE W. MYERS *et al.*

*v.*

# WM. C. AND H. A. MANNY.

| 63 | 211 |
| 37a | 193 |

| 63 | 211 |
| 140 | 296 |
| 145 | 510 |

| 63 | 211 |
| 153 | 284 |
| 45a | 526 |

| 63 | 211 |
| 50a | 334 |
| 52a | 173 |

| 63 | 211 |
| 48a | 157 |

| 63 | 211 |
| 164 | 625 |
| 65a | 235 |

| 63 | 211 |
| 172 | 190 |

| 63 | 211 |
| 186 | 6529 |

| 63 | 211 |
| 92a | 7379 |

| 63 | 211 |
| 100a | 1418 |

| 63 | 211 |
| 202 | 7165 |
| 202 | 8165 |

1. FINAL DECREE—*what is—appeal.* When the rights of the parties to the controversy are settled and determined by a decree, it is so far final that it may be reviewed on appeal or error.

2. SAME—*foreclosure.* Where, on bill to foreclose a mortgage, a decree was rendered which found that the mortgage was given; that the debt was not paid; ascertained the amount due; directed its payment on or before a specified time, and in default thereof, that the premises be sold and the equity of redemption barred, except such as the statute allowed, and if not so redeemed, that the master should make, execute and deliver a deed to the purchaser and report to the court: *Held,* that such decree was so far final as to be reviewed on appeal or error.

3. It is not the last order in a case approving of the sale, the execution of the deed, or the report of the officer that a writ of assistance has been executed, that is the only final decree from which an appeal or writ of error lies, but it is the decree which settles and fixes the rights of the parties. The orders which follow are in the nature of an execution of the decree, and not the final decree in the case.

4. SAME—*cross bill.* When the court proceeds to a hearing on the original bill before a cross bill is ready for hearing, and renders a decree of sale in foreclosure of a mortgage, this will not make the decree interlocutory, but it is as final as if the cross bill had never been filed, and may be reviewed in this court.

5. CROSS BILL—*practice.* A cross bill is no part of the original proceeding and does not depend upon it. By filing such a bill the suit will not be delayed. The two cases may be tried together if they are both ripe for hearing, but if not, then separately. It is no error to proceed to a hearing on the original bill before the cross bill is ready to be heard.

6. FORECLOSURE—*decree of immediate possession.* A decree on bill to foreclose a mortgage, after finding the amount due, directing its payment within a certain time, and ordering a sale of the premises in default of such payment, further ordered "that said purchaser or purchasers have immediate possession of said premises as soon as the same is sold, and that the purchaser or purchasers have the proper writ and process issued in this cause to put them in possession of said premises, to wit: a writ of assistance, and that they be put in possession of said premises:" *Held,* that the award of immediate possession, and a writ of assistance, was erroneous. The purchaser is not entitled to possession before the execution of the master's deed to him.

7. JUDICIAL SALE—*rights of purchaser.* The sale of real estate under judgments and decrees is purely a statutory regulation, and purchasers at such sales acquire only such rights as the statute confers. The purchase, whether at a sheriff's or master's sale, depends upon the same principles. It is a purchase on time, and is also conditional. The purchaser is not entitled to possession until he receives a deed.

8. VENDOR AND PURCHASER—*right to possession.* Where real estate is purchased on time, the purchaser has no legal right to possession before he receives a conveyance, unless he is admitted to it by the vendor. The right to possession always follows the legal title, unless given by the owner under an agreement.

9. ERROR—*obviating.* Where there is error on the face of the record, it can not be obviated by an agreement made after the cause is submitted. It will not change the record, nor can it be substituted as a part of the record. Like any other agreement, it can only be enforced by an appropriate action or bill in equity. It is not *res adjudicata,* and, hence, neither takes the place of the decree nor operates as an amendment thereof.

WRIT OF ERROR to the Circuit Court of Brown county; the Hon. C. L. HIGBEE, Judge, presiding.

Defendants in error filed their bill to foreclose a mortgage given by George W. Myers and his wife. The mortgagors filed their cross bill alleging a mistake in including more land than was intended to be conveyed by the mortgage. A decree was rendered, on the hearing of the original bill, for the sale of the premises included in the mortgage, as stated in the opinion of the court. After the briefs of counsel had been filed in this court, counsel for the original complainants filed a stipulation that the mortgaged premises should be sold subject to the statutory right of redemption, and that the defendant then in possession should retain the same, and that if the premises should not sell for enough to discharge the lien of the mortgage, he was to pay rent for the premises at $12 per month.

Mr. WM. L. VANDEVENTER, for the plaintiffs in error.

Messrs. GRIMSHAW & SCOGGAN, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first insisted that there is not such a final decree in this case as authorizes an appeal to this court. By it the rights of the parties are fully and finally ascertained and established. It finds the mortgage was given, the debt was not paid, and ascertains the amount, decrees its payment on or before a specified time, and in default thereof that the premises be sold and the equity of redemption barred, except such as is given by the statute, and if not redeemed, the master make, execute and deliver a deed to the purchaser and report to the court. "And it was further ordered, adjudged and decreed that said purchaser or purchasers have immediate possession of said premises as soon as the same is sold, and that the purchaser or purchasers have the proper writ and process issued in this cause to put them in possession of said premises, to-wit: a writ of assistance, and that they be put in possession of said premises."

Such a decree has always been regarded as so far final that it may be reviewed on appeal or error. It is only necessary that the rights of the parties in the controversy be settled and determined to make the decree final so as to authorize it to be reviewed. It is not the last order in the case approving of the sale, the execution of the deed, or the report of the officer that the writ of assistance has been executed, that is the only final decree in the case from which an appeal or writ of error may be prosecuted, nor is it the approval of the master's report that the decree has been executed in other cases; but it is the decree which fixes and settles the rights of the parties. Other decrees which follow it are in the nature of an execution of the decree, and not the final decree of the case. It might be urged, with the same reason, that a judgment at law was not final because a further order of the court, ordering the payment of the money realized on the execution, might be entered by the court. These views have been so

often expressed by this court, that it is not deemed necessary to refer to the adjudged cases.

As has been repeatedly held by this court, the cross bill was no part of the original proceeding, and it in no wise depended upon it. The suit was not delayed by filing the cross bill. The two cases might be tried together if they were both ripe for a hearing at the same time, but if not, then separately. Hence, there was no error in proceeding to a hearing on the original bill before the cross bill was ready for hearing. Nor did such a hearing render the decree on the original bill only interlocutory, but it was as final when pronounced as if the cross bill had never been filed

The case then being properly before the court, is there error in the decree? That portion of the decree which orders the delivery of immediate possession and awards a writ of assistance, was no doubt inadvertently entered, and is manifestly erroneous. Under the law authorizing sales of real estate on executions at law, no person ever supposed that the purchaser was, before the time expired for a redemption, entitled to his deed. That statute has been in force for near half a century, and all have construed it as authorizing the debtor to retain possession during the period allowed for redemption. And the statute regulating redemptions on the foreclosure of mortgages is substantially the same. It has been in force for nearly thirty years, and, so far as our knowledge extends, it has uniformly received the same construction. The sale of real estate under judgments and decrees is purely a statutory regulation, and purchasers at such sales only acquire such rights as the statute confers. The statute has not declared that the purchaser shall have immediate possession, nor will it bear such a construction. There is no language that can be made to bear such an interpretation.

In all purchases of real estate on time, unless stipulated otherwise in the contract, the purchaser, unless admitted to possession by the vendor, has no legal right to it before he receives a conveyance. The right to possession always follows

the legal title, unless given by the owner under an agreement. Hence, the purchaser who is to receive the legal title at a future day, can not sue for and recover the possession until he receives a conveyance, unless it is provided for in the agreement. The purchase at a sheriff's or master's sale depends upon the same principles. It is a purchase on time and is also conditional; until the time elapses and the premises are not redeemed, the purchaser has no right to the possession, and it is error to decree that he shall have it delivered to him before he receives a deed. The decree of the court below must be reversed for the error in decreeing possession to be delivered to the purchaser immediately on the sale.

The stipulation filed in the case does not change the record, nor can it be substituted as a part of the record. It, like any other agreement, can only be enforced by an appropriate action or bill in equity. It is not *res adjudicata*, and, hence, neither takes the place of the decree nor operates as an amendment thereof.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*