WILLIAM P. RHODES *et al.*

*v.*

JOHN B. RHODES, Jr. *et al.*

*Opinion filed April 21, 1898.*

1. APPEALS AND ERRORS—*a partition decree settling rights of parties is final.* A partition decree which settles the rights of the parties in the premises, confirms a report of arbitrators upon the question of accounting of rents and profits and appoints commissioners to make partition, is a final, appealable order.

2. SAME—*party to a partition decree should not delay appealing until after decree of distribution.* Where a partition decree fixes the rights of the parties, upon the entry of an order confirming the commissioners' report against partition and directing the sale of the premises, dissatisfied parties should appeal at once, and not wait until after sale and appeal from the decree confirming the sale and ordering distribution.

3. SAME—*appeal may lie to Appellate Court though freehold is involved in decree.* Where no objection is made to a decree so far as it settles the rights of the parties in the freehold involved in the litigation, an appeal from another part of the same decree lies to the Appellate Court.

4. SAME—*points not made in original brief cannot be afterwards raised.* Under Supreme Court rule 15, adopted November 4, 1897, points relied upon for reversal not raised in the brief in chief cannot afterwards be raised either by reply brief, oral or printed argument or petition for rehearing.

APPEAL from the Circuit Court of Carroll county; the Hon. JOHN C. GARVER, Judge, presiding.

A. F. WINGERT, and HENRY MACKAY, for appellants.

BERRY & LICHTENBERGER, and RENNER & SMITH, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery for partition of certain real estate and for an accounting of rents and profits, filed by the appellees, in the circuit court of Carroll county, to the November term, 1896. The appellant Harriet is the wife of the appellant William P. Rhodes, and was made a party to.the bill solely because her husband held an undivided interest in the fee of the land. At the April term, 1897, of the said court a decree was entered declaring the rights, titles and interests of the respective parties in the land, and finding that the contention as to rents and profits had been by the parties submitted to and determined by arbitrators pending the proceeding, and confirming the award rendered by the arbitrators, and entering a decree thereon against the appellant William P. Rhodes in the sum of $3003.93, and appointing commissioners to make partition of the premises. At a later day of the same term an order was entered approving the report of the commissioners that the premises were not susceptible of partition, and decreeing that the premises should be sold by the master. The master's report of the sale of the premises was filed to the November term, 1897, of the said court, at which term a decree was entered approving the said report, and directing that conveyance be made pursuant to the sale and that the proceeds be distributed to the parties entitled to the same. The appellants excepted to this decree and prayed and perfected this appeal.

Appellees interposed in this court a motion to dismiss the appeal upon the ground this court had no jurisdiction to entertain it. Appellants resisted the motion on the theory a freehold is involved, and decision on the motion was reserved to the hearing.

The decree rendered at the April term, 1897, involved a freehold, but no appeal was prayed or perfected from it. Appellants insist the decree rendered at that term was not final, but merely interlocutory, and that the appeal perfected from the decree rendered at the November term operates to bring into review in this court the proceedings in the cause from its inception. The decree rendered at the April term finally adjudicated the rights and interests of the parties in and to the lands, appointed commissioners to allot to each of said parties his share in severalty, and upon the coming in of the report of the commissioners determined and declared that partition and allotment could not be made between the owners, but that the premises should be sold and the proceeds divided.   Nothing remained to be done but carry the decree into execution.   It was therefore a final, appealable decree.

In *Allison* v. *Drake*, 145 Ill. 500, speaking of a decree of partition of real estate, we said (p. 510):   "We are of the opinion that the decree is final so as to authorize an appeal to this court, notwithstanding the order for an accounting.   A final decree is not necessarily the last order in the case, as orders sometimes follow merely for the purpose of carrying out or executing the matters which the decree has determined, but when it finally fixes the rights of the parties it is final, and may be reviewed on appeal or writ of error."   In *Ames* v. *Ames*, 148 Ill. 321, it was insisted a writ of error brought to review a decree in partition should be dismissed for the alleged reason such a decree was not final, but the insistence was overruled and it was held the decree was a final, appealable decree.   In obedience to the same principle we have held that the decree entered in a foreclosure proceeding finding the debt to be due and unpaid and that the lien of the mortgage attached to the land, directing the debt to be paid within a designated period, and decreeing that in

default of payment the land should be sold by the master and report of such sale made to the next term of the court, was a final, appealable decree. (*Myers* v. *Manny*, 63 Ill. 211.) In *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 Ill. 141, we said (p. 153): "A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that when affirmed by the reviewing court the court below has nothing to do but to execute the judgment or decree it had already entered."

Counsel for appellants in their reply brief admit that an appeal may be taken from a decree in partition establishing and declaring the title, right and interest of the respective parties, but insist a party dissatisfied with the decree need not appeal from it, but may wait until the last order having reference to any of the proceedings in the case is entered, and by an appeal therefrom bring the whole case into review. We think this insistence not at all tenable. If such a party, being the owner of an undivided interest in real property, is dissatisfied with the decree of the court as to the extent of his interest or as to any other matter affecting the title to the land, and has a right to appeal, it is manifest he ought to be required to exercise the right, in order the costs of a sale may be avoided and other persons may not be induced to become purchasers at the sale, and thereby possibly involved in litigation, trouble and costs under the belief that the parties to the decree are satisfied with the adjudication of their rights by the court and bound thereby.

It was decreed by the court at said November term that the master should convey the premises sold, to the purchaser at the sale, and counsel for appellants insist in their reply brief a freehold is for that reason involved in this appeal. One of the assignments of error is general in character, and, it is urged, includes an objection to the ruling of the court that such conveyance should be made. We do not assent the alleged error is so assigned,

but had it been formally assigned it must be deemed waived, for the reason that it is referred to only in the reply brief, the brief filed in chief being devoted entirely to other questions. Rule 15 of the rules of this court adopted November 4, 1897, and in force when the briefs herein were filed, provides that an alleged error or point not contained in the brief in chief shall not be raised afterwards, either by reply brief or in oral or printed argument or on petition for rehearing. We find nothing even in the reply brief having reference to such alleged assigned error, beyond the bare assertion that the order directing the conveyance to be made involves a freehold. It is apparent from the brief in chief that the appeal in this case was taken for the purpose of bringing into review that branch of the case which resulted in the rendition of a money decree against the appellant William P. for a sum adjudged by the court to be due from him to his co-tenants for the rent of property which they owned as tenants in common. That this is true is put beyond cavil by the conditions of the appeal bond given by the appellants. The recitals of the bond, in substance, are, that whereas a decree has been rendered against the appellant William P. Rhodes in favor of the appellees for the sum of $3003.93 and costs of suit, from which decree an appeal is prayed, therefore the bond should be null and void if the appeal was duly prosecuted and the amount of the said decree paid by the said William P. Rhodes in case the decree should be affirmed, otherwise to be in full force and virtue. Though a freehold is involved in a litigation, yet if no objection is made to the decree so far as it settles the freehold, an appeal from another part of the same decree not involving the question of a freehold must be taken to the Appellate Court. *Cheney* v. *Teese*, 113 Ill. 444; *Malaer* v. *Hudgens*, 130 id. 225; *Fread* v. *Fread*, 165 id. 228.

The motion to dismiss the appeal is sustained.

*Appeal dismissed.*