JOHN STAHL *et al.*

*v.*

GUSTAV A. STAHL *et al.*

*Opinion filed February 21, 1906.*

1. APPEALS AND ERRORS—*decree, final as to title, is appealable, though account remains to be stated.* A deed finding conveyances absolute in form to be in trust, adjudging the grantee to hold the title as trustee and referring the case to the master for an accounting is final as to the matter of title although interlocutory upon the question of accounting, and the portion of the decree as to title may be reviewed before the accounting is taken.

2. SAME—*when objection that there was no order re-docketing cause comes too late.* An objection that the lower court did not have jurisdiction to enter the decree in remandment because no formal order re-instating the cause was entered of record comes too late on appeal, where the mandate was filed in the lower court, the

parties appeared and were fully heard on the merits of the case and the decree was entered after such hearing.

3. JUDGMENTS AND DECREES—*a decree adjudging deeds to be in trust should vest title in the beneficiaries.* A decree finding certain conveyances absolute in form to be in trust should vest title in the beneficiaries (where the trustee has not encumbered the property) instead of retaining jurisdiction to administer the trust estate; but jurisdiction should be retained to permit the beneficiaries to amend their bill or the defendants to file a cross-bill, so that partition may be had if desired, in which case the cause will then proceed as an ordinary bill for partition and accounting.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

JOHN F. HAAS, for appellants.

MORSE IVES, for appellees.

Per CURIAM: This was a bill in chancery filed in the superior court of Cook county by the appellees, against the appellants, to establish a constructive trust in favor of the children of Fredericka L. Stahl in certain premises located in the city of Chicago, the legal title to which, at the time the bill was filed, rested in John Stahl. Answers and replications were filed, and upon a hearing the bill was dismissed for want of equity, and the complainants prosecuted an appeal to this court, and the decree of the superior court was reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views expressed in the opinion of this court. (*Stahl* v. *Stahl,* 214 Ill. 131.) Upon the case being re-instated in the superior court that court entered a decree that the conveyances of the premises described in the bill from Fredericka L. Stahl to Frank A. Stahl, and from Frank A. Stahl to John Stahl, which were absolute in form, were constructively fraudulent; that said conveyances were, in equity, in trust for the benefit of all the children of said Fredericka L. Stahl, and that said John

Stahl, since the 5th day of September, 1902, has been, and now is, the holder of the title to said premises as a trustee for the benefit of said children, each of whom, in equity, is the owner of a one-seventh part of said premises and entitled to one-seventh of the rents that have accrued thereon since August 18, 1900, the date of the deed from Fredericka L. Stahl to Frank A. Stahl, and the cause was re-referred to the master for an accounting, from which decree an appeal has been prosecuted to this court by the defendants.

A motion has been made to dismiss the appeal on the ground that the decree appealed from is not a final decree, which motion has been reserved to the hearing. It is clear that the decree from which this appeal is prosecuted finally determines that each of the children of Fredericka L. Stahl is the equitable owner of the undivided one-seventh of said real estate. *Myers* v. *Manny,* 63 Ill. 211; *Allison* v. *Drake,* 145 id. 500; *Ames* v. *Ames,* 148 id. 321.

In *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141, on page 153, it was said: "A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered, (*Bostwick* v. *Brinkerhoff,* 106 U. S. 3; *Grant* v. *Phœnix Ins. Co.* id. 429; *St. Louis, Iron Mountain and Southern Railroad Co.* v. *Southern Ex. Co.* 108 id. 24;) and when the complainant or plaintiff is entitled to have the decree or judgment carried immediately into execution."

We think it obvious the decree is a final decree so far as it establishes the trust and adjudges John Stahl to hold the title to said premises in trust for the benefit of all the children of Fredericka L. Stahl. In so far, however, as it orders that the case be referred to the master for an accounting the decree is interlocutory, and that portion of the decree is not now before us for review. (*Thomson* v. *Black,* 208 Ill. 229.) The motion to dismiss the appeal will be denied.

Appellants insist the superior court did not have jurisdiction to enter the decree here appealed from, on the ground no formal order was entered in that court re-instating .the cause. The mandate of this court was filed in that court, and the appellants appeared and were fully heard upon the merits of the case, and the decree appealed from was entered after such hearing. It is now too late for the appellants to raise the question that the case, upon remandment, was not properly re-instated in the superior court. *Austin* v. *Dufour,* 110 Ill. 85.

The decree entered below, from which this appeal is prosecuted, recites that the superior court "retains jurisdiction in this cause for the purpose of administering said trust estate and giving complete relief to all the parties in reference thereto," and fails to provide when or in what manner the legal title should vest in the children of Fredericka L. Stahl. Jurisdiction should not have been retained for the purpose of administering the trust estate, and provision should have been made for vesting the legal title in the beneficiaries. In these respects, at least, the decree is erroneous. When the case was here before we quoted with approval language from Pomeroy's Equity Jurisprudence pointing out the correct practice in cases such as that at bar, as follows: "In such case equity will enforce the obligation by impressing a trust upon the property in favor of the one who has been defrauded, by treating the actual devisee or legatee as a trustee holding the mere legal title, and by compelling him to carry the trust into effect through a conveyance to the one who is beneficially interested." This is the course that should have been pursued by the superior court under the former mandate of this court. If it appeared that either of the trustees had suffered any encumbrance upon the property, different procedure might be necessary to protect the interests of the parties.

When the cause is again docketed in the superior court that court should enter a decree impressing a trust upon the

property in favor of all the children of Fredericka L. Stahl, adjudging the conveyances from Fredericka L. Stahl to Frank A. Stahl, and from Frank A. Stahl to John Stahl, mentioned in the bill, to be constructively fraudulent, and that the same, in equity, were in trust for the benefit of all the children of said Fredericka L. Stahl; that each of said children has been, since the conveyance to Frank A. Stahl, the equitable owner of and entitled to the rent, income and profits of an undivided one-seventh part of the real estate described in the bill; and requiring John Stahl forthwith, by good and sufficient deed, to convey to each of the children of Fredericka L. Stahl, other than himself, the undivided one-seventh part of the real estate conveyed by the said deed from Frank A. Stahl to said John Stahl, and providing that if he fail to comply with the decree for a period of five days, a master in chancery to be named in the decree shall, immediately upon the expiration of the five day period, convey to each of said children, other than John Stahl, the legal title of John Stahl to the undivided one-seventh part of the said real estate, as that title existed and was held by him when the bill herein was filed.

The court should, by said decree, also retain jurisdiction of the cause for the purpose of affording other and further relief to the parties. Such decree will be consistent with the views expressed in the former opinion of this court in this cause.

After such decree has been entered the court should permit the complainant to amend the bill, if he shall move for leave, so that it will specifically ask partition, or either of the defendants may, after such decree is entered, file a cross-bill praying partition. If either of the parties should so seek a partition the cause will then proceed as an ordinary suit for partition and accounting. If no such amendment or cross-bill should be filed, the cause should then be referred to a master to take the account of rents and profits pursuant to the averments and prayer of the original bill.

Before the cause is again referred to a master a receiver may be appointed, as prayed by the original bill, with the ordinary powers of a receiver in such case.

Other questions urged by appellants do not properly arise at this time.

The decree of the superior court will be reversed, and the cause will be remanded to that court with directions to enter such a decree as is hereinabove outlined, and for further proceedings consistent with the views expressed in this opinion. 　　*Reversed and remanded, with directions.*