*In re* ESTATE OF FREDERICKA L. STAHL, Deceased.

*Opinion filed April 18, 1907—Rehearing denied June 18, 1907.*

1. APPEALS AND ERRORS—*when appeal from an order dismissing petition to sell real estate lies to the Supreme Court.* An order dismissing an administrator's petition to sell real estate to pay debts which finds that the deceased died without claim or title to the premises sought to be sold puts the title in issue, and a direct appeal to the Supreme Court may be taken from such order.

2. EXECUTORS AND ADMINISTRATORS—*what is essential to jurisdiction of court to entertain petition to sell land.* In order to give the probate court jurisdiction of a petition by an administrator to sell land to pay debts it must appear that the deceased died seized of claim or title to the premises.

3. ESTOPPEL BY VERDICT—*rule as to estoppel by verdict stated.* Adjudication by a court of competent jurisdiction of some controlling fact or question material to the determination of the cause is, when properly presented, conclusive of such fact or question when it is again put in issue between the parties, irrespective of whether the causes of action are the same in both suits.

4. SAME—*when question of ownership of land is res judicata.* A decision of the Supreme Court holding that a certain deed from mother to son was constructively fraudulent as a deed to the grantee in his individual capacity, but that he held the title thereunder in trust for certain beneficiaries, is *res judicata,* as between the parties, of the question that the mother had parted with her title by virtue of the deed.

VICKERS, J., dissenting.

APPEAL from the Probate Court of Cook county; the Hon. C. S. CUTTING, Judge, presiding.

JOHN F. HAAS, and DAVID S. GEER, for appellants.

MORSE IVES, and CAREY W. RHODES, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This case arises out of a proceeding for the sale of real estate to pay debts, upon a petition therefor filed by the administrator in the probate court of Cook county. That court, by its decree entered October 13, 1906, found that the deceased died without claim or title to the premises sought to be sold and dismissed the petition for want of jurisdiction, from which decree the administrator and various of the claimants against the estate appealed to this court. The title to the land is directly put in issue in this proceeding and therefore the appeal was properly brought to this court. *Lynn* v. *Lynn*, 160 Ill. 307; *Roberson* v. *Tippie*, 215 id. 119.

The land forming the subject matter of this litigation has been before this court heretofore in three different cases, namely: *Stahl* v. *Stahl*, 214 Ill. 131, *Stahl* v. *Stahl*, 220 id. 188, and *Haas* v. *Righeimer*, 220 id. 193.

It appears that Fredericka L. Stahl was the owner of certain real estate in Chicago, and on August 18, 1900, conveyed it, without consideration, to her son Frank A. Stahl. She died intestate February 11, 1901, leaving seven children as her only heirs-at-law and no surviving husband. Afterwards, Frank A. Stahl conveyed the premises, without consideration, to his brother John Stahl as grantee with notice. The facts as to all these transactions are fully set forth in said cases heretofore before this court and need not here again be set out in detail. The amended petition in this proceeding to sell the real estate was filed in the probate court after all the decisions above cited had been handed down by this court.

It must appear that Fredericka L. Stahl died seized of claim or title to the premises in question in order that the

probate court should have jurisdiction to allow the administrator to sell the same to pay the debts of the said estate. (Hurd's Stat. 1905, chap. 3, sec. 98, p. 121.) The appellants' contention that the title was in Fredericka L. Stahl at her death appears to be based upon two grounds. The first is, that this court in its previous decisions declared that the deed from Fredericka L. Stahl to her son Frank, and the deed from Frank to her son John, were "constructively fraudulent," and therefore the appellants contend the deeds were void as passing the title from Fredericka L. Stahl. This position could only be tenable by isolating a few words in said decisions from their context and reading into them a meaning which they were not intended to convey and could not convey in connection with the context. This court did find that the two deeds in question were "constructively fraudulent" when considered as deeds to Frank and John in their individual capacities, but the very gist of those decisions is, that the first mentioned deed passed title from Fredericka L. Stahl to said Frank A. Stahl, not in his own right, but as trustee for the benefit of the children of said Fredericka, and that the title passed to John Stahl by the second deed as a grantee with notice, as trustee for the same purposes. The decision in *Stahl* v. *Stahl,* 220 Ill. 188, states, in terms, that "each of said children has been, *since the conveyance to Frank A. Stahl,* the equitable owner of and entitled to the rent, income and profits of an undivided one-seventh part of the real estate described in the bill," this real estate being the same as is here in question. Manifestly, these decisions intended to hold that the deed to Frank A. Stahl from his mother did pass title to the premises on the terms and conditions of, and impressed with, the trust as set forth by this court in the decisions heretofore handed down.

The second proposition urged by appellants is, that the deed from Fredericka L. Stahl to her son Frank was void as being in fraud of her creditors. So far as the record shows, the claimants against the estate for which it is now

sought to sell the real estate are as follows: Emma O. Haas, as a child's award, $1000; Frank A. Stahl, funeral expenses, $364.25; Emma O. Haas, $1527; Frank A. Stahl, $4125; John G. Stahl, $4125; Frank A. Stahl, (claim not yet allowed,) $7490. It is alleged in the petition herein that at the time of the conveyance by Fredericka L. Stahl to her son Frank A. Stahl, on August 18, 1900, she was indebted in excess of $10,000. The first two of the claims recited above could not, by their nature, exist during the lifetime of Fredericka L. Stahl, therefore any deed she might make could not be in fraud of those claimants as to these two claims. It is shown by this record that these three claimants, Emma O. Haas, Frank A. Stahl and John G. Stahl, are the only appellants in this proceeding, and that all three of them were parties to all three of the previous suits heretofore decided by this court and were children of the deceased. Frank A. Stahl is the son who has already been found by this court to have accepted the property in trust for the benefit of himself, his brothers and sisters. Thus each of the three has been found by this court to have taken a one-seventh interest in this real estate under said deed from Fredericka Stahl to Frank Stahl. It is difficult to understand how any man could knowingly accept property as trustee and at the same time have the conveyance to him be a fraud upon himself as a creditor of the grantor. Frank A. Stahl was present when his mother made the deed, as were the other two children, Emma O. Haas and John G. Stahl, and they all three consented to its making and were beneficiaries thereunder. Whatever might have been the validity or invalidity of the deed from Fredericka L. Stahl to her son Frank as to strangers to that transaction who were at the time creditors of said Fredericka, it is impossible to conceive in what manner said Frank A. Stahl, John G. Stahl and Emma O. Haas could have accepted a share in the real estate as *cestuis que trust* and at the same time could have been defrauded, as creditors of their mother, by that

same deed. Where some controlling fact or question material to the determination of a cause has been adjudicated in a former suit before a court of competent jurisdiction and the same question is again at issue between the parties, its adjudication in the first case, properly presented, will be conclusive of the same question in the latter suit, irrespective of the question whether the cause of action be the same in both suits. (*Hanna* v. *Read,* 102 Ill. 596; *Leigh* v. *National Hollow Brake-Beam Co.* 224 id. 76; *Blackaby* v. *Blackaby,* 189 id. 342; *Pratt* v. *Griffin,* 223 id. 349.) The controlling fact or question in this case is as to the ownership of the real estate in question at the time of the death of said Fredericka L. Stahl. That was the controlling fact in the former cases. Reason and public policy alike demand that when a matter, whether consisting of one or more questions, has been solemnly adjudicated, it shall be deemed finally and conclusively settled in all subsequent litigation between the same parties when the same question arises. (*Hanna* v. *Read, supra.*) There must be an end of litigation somewhere, and there will be none if, after a court has decided as to a controlling fact, the parties are permitted to re-litigate this same matter anew and bring it again before the court for decision. *Hollowbush* v. *McConnel,* 12 Ill. 203.

Fredericka L. Stahl did not die seized of any claim or title to the premises sought to be sold by the administrator, and the probate court therefore properly dismissed the petition herein. The decree of the probate court will accordingly be affirmed.                    *Decree affirmed.*

Mr. JUSTICE VICKERS, dissenting.