Consuelo Fould DeGrasse, Appellee, *vs.* The H. W. Gossard Company, Appellant.

*Opinion filed October 26, 1908.*

Appeals and errors—*when a decree is final and appealable although cause is referred.* A decree in accounting finding the defendant liable to the complainant for a sum certain, and in excess thereof a specified amount for each patented article manufactured by defendant in excess of the minimum number fixed in the contract between the parties, is final in the sense that an appeal may be taken, even though the cause is referred to the master to ascertain the number of the articles manufactured from an examination of defendant's books and records.

Carter, J., dissenting.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

This is a bill in chancery filed by appellee, against appellant, setting up a certain alleged contract dated August 1, 1903, which provides that appellant shall have the exclusive right to manufacture and sell in the United States, corsets embodying certain patented busks during the life of said patent, and shall pay as royalty to appellee four francs on each corset and make at least 2160 corsets each year; that appellant should make to the complainant quarterly reports of the number manufactured and sold, and for any failure to make such reports, complainant might, by giving notice, terminate such license. The alleged contract further provided that if at the end of any year the sum paid as license fees should not amount to at least $1728 for each year, by giving a like notice the license might be terminated, but such termination of such license should not affect the liability for license fees then due. The bill alleges that appellant has manufactured a large number of corsets embodying said device in busks, and has failed to keep proper books

and make reports to complainant or pay anything whatsoever as agreed in and required by said contract; that on October 14, 1905, on account of such failure, notice was given and the contract was terminated, appellee demanding the return of said original letters patent and an accounting, both of which demands appellant refused; that other persons and corporations have manufactured and sold large numbers of said corsets for appellant and under its direction, and that the number of corsets embodying said invention sold by appellant, or for it and under its direction, has been largely in excess of said minimum number, 2160; that the number of such corsets is unknown to appellee and cannot be ascertained except by an accounting; that the accounts and information in relation to such manufacture and sale are exclusively within the knowledge and control of appellant and that appellee is entitled to an examination and inspection of said books and records; that by mutual mistake the said letters patent were misdescribed as 803,191 instead of 703,191. The bill prays that the contract, as to the mistake in the number of the patent, may be reformed; that said contract may be enforced and a discovery may be made of the number of corsets manufactured or sold, and that appellant may be directed to produce its books, etc., for the inspection of appellee; that an accounting may be had and appellant be decreed to pay the amount found due, and for general relief.

A general and special demurrer having been overruled, appellant elected to stand by its demurrer, whereupon the bill was taken as confessed and a decree entered which made findings of fact substantially as alleged in the bill, and ordered that the cause be referred to a master in chancery to take proof and report to the court the account stated; that the books and records be produced by appellant and witnesses examined; that in stating the account the master charge the defendant with the minimum sum of $1728 per year during the time the contract was in effect, amounting

to $3792, and also with four francs for each corset embodying said busks manufactured and sold by or on behalf of said appellant in excess of the minimum annual number, 2160, and that the master correct the contract by endorsing on its face the correct number of the letters patent; that appellant disclose and make answer as to certain specified facts within its knowledge. The decree, in conclusion, ordered "that the court retains jurisdiction herein for the purpose of entering such further order and decree herein as the case may require." An appeal was thereupon prayed and allowed to the Appellate Court for the First District. In that court a motion was made by appellee to dismiss the appeal because the decree was interlocutory and not final. This motion was taken with the case, and on January 14, 1908, that court entered an order dismissing the appeal on the ground that the order and decree of the circuit court "is interlocutory, only, and is not a final decree, from which an appeal to this court may be taken." From this order an appeal has been taken to this court.

Edmund S. Carr, for appellant.

Shope, Zane, Busby & Weber, (Hayes McKinney, of counsel,) for appellee.

Mr. Justice Farmer delivered the opinion of the court:

Appellant first contends that the bill is not so drawn as to authorize a court of equity to take jurisdiction in the matter; that the charge of fraud is too general, and that the bill does not show that a discovery is indispensable to the attainment of justice or that the facts sought to be discovered are material; that it does not name the officer or agent who has knowledge of the facts sought to be discovered; that the bill shows there were no mutual accounts to be adjusted, and that therefore equity does not have jurisdiction and that there was an adequate remedy at law.

A sufficient answer to all these points is, that the assignments of error in this court do not relate to any of these questions but exclusively to the alleged errors of the Appellate Court in holding that the decree of the circuit court was interlocutory and not final.

The only question open for our consideration is whether the Appellate Court erred in dismissing the appeal on the ground that the decree appealed from was not a final decree in the sense that authorized an appeal to be prosecuted from it, but was interlocutory, merely.

The decisions of the various courts of this country are not in entire harmony as to whether decrees settling the rights of the parties in substance but referring the cause to a master for some particular purpose are final decrees. This court, however, is committed to the doctrine that decrees of the character here in question are final in the sense that an appeal may be prosecuted. The decree was a final adjudication of the rights of the parties and of appellant's liability to appellee, as charged in the bill. It found appellant liable to appellee for $3792,—a sum certain,—and an additional sum of four francs for each corset embodying appellee's improvement, manufactured and sold by appellant, or by anyone else by its direction, during the life of the contract between the parties, in excess of the minimum number of 2160, and for the purpose of determining whether there was an excess, and if so, how many corsets in excess of said minimum number had been sold by or under the direction of appellant, it was ordered to produce its books and records for examination. No mutual accounts were to be adjusted between the parties, and the reference was only for the purpose of determining the amount appellant should be charged with, if anything, in addition to the amount found due from it to appellee by the court. This was to be determined by testimony, all of which was in the knowledge and under the control of appellant, as to whether appellant had manufactured and sold more than the mini-

mum number of corsets provided for in the contract. If it had, it was liable to appellee for four francs for each of said corsets; and if it had not, its liability would remain $3792.

In *Stahl* v. *Stahl*, 220 Ill. 188, the decree found that a conveyance of real estate to certain parties was constructively fraudulent and that the grantees held the property in trust for the benefit of all of the children of the grantor, seven in number, each of whom was in equity the owner of the one-seventh part thereof, and that said children were entitled to one-seventh of the rents of the said real estate from the date of its conveyance by their mother, and the cause was referred to the master for an accounting in that respect. An appeal was prosecuted from that decree to this court, where a motion was made to dismiss it on the ground that it was not a final decree. The motion was reserved to the hearing and upon consideration it was denied, the court holding that the decree finally determined the equitable ownership of the property and adjudged that John Stahl held the title in trust for the benefit of the children of Fredericka L. Stahl, his grantor, but that, in so far as it referred the case to the master for an accounting, the decree was interlocutory.

The bill in *Allison* v. *Drake*, 145 Ill. 500, prayed that a former decree of the court in a partition suit and a subsequent conveyance and execution sale of certain land claimed by complainants be set aside and for an accounting. Upon a hearing a decree was entered setting aside the proceedings and decree in the partition suit, also the conveyance mentioned in the bill. The decree found the interest of the several parties to the suit in the land as alleged in the bill, ordered partition thereof, appointed commissioners to make said partition, and also decreed that an accounting be had for the use and occupation of the land and referred the cause to the master for that purpose. An appeal was prosecuted from that decree and a motion was made in this court to dismiss the appeal on the ground that it was not final.

The court said (p. 510) : "This contention is based upon the fact that the. decree, after definitely and finally determining the rights of the parties by vacating and setting aside the decree in' the former partition suit and all proceedings thereunder and ordering a re-conveyance to the complainants by the representatives of Allison of lots 1 and 2, and also fixing the respective interests of the several joint tenants in the land in controversy and ordering partition thereof between them and appointing commissioners for that purpose, also awards the complainants an accounting in respect to the use and occupation of the lands and refers the cause to the master to take and state such account. We are of the opinion that the decree is final so as to authorize an appeal to this court, notwithstanding the order for an accounting. A final decree is not necessarily the last order in the case, ·as orders sometimes follow merely for the purpose of carrying out or executing the matters which the decree has determined, but when it finally fixes the rights of the parties it is final and may be reviewed on appeal or writ of error."

In *Gray* v. *Ames,* 220 Ill: 251, this court considered the question whether a decree was final which ordered the specific performance of a contract to convey real estate and an accounting for the rents and profits of the real estate during a certain time and referring the cause to the master to state the account. The principles governing the taking of the account were fixed by the decree. The court said (p. 254) : "A final decree is one which fully decides and finally disposes of the entire merits of the case. Some other order or decree of the court may be necessary to carry into effect the rights of the parties or some incidental matter may be reserved for consideration, which decision, either one way or another, cannot have the effect of altering the decree by which the rights of the parties have been declared. A decree is final even where, as a mere incident to the relief granted, it directs a reference to a master to state an

account.    Where accounts are to be settled between the
parties and the decree contains an order of reference by
which the accounts are to be stated according to certain
principles fixed by the decree, such order of reference will
not have the effect of rendering the decree interlocutory."

In *Klein* v. *Independent Brewing Ass.* 231 Ill. 594, the
decree, in addition to granting complainants other relief,
directed an accounting and referred the cause to a master
to take and state the account in accordance with directions
given by the decree.    Upon the question being raised in
this court as to whether the decree was final or not, it was
held to be final to the extent that it settled the rights of
the parties and an appeal might be prosecuted from it.

It was held in *Piper* v. *Piper,* 231 Ill. 75, following
*Crowe* v. *Kennedy,* 224 id. 526, that a decree for partition
and appointment of commissioners is a final adjudication
of the rights of the parties although the report of the com-
missioners thereafter to be made is subject to be modified
or set aside upon objections being made to it, and although
a report that the land is not susceptible of division, if ap-
proved, would necessitate another decree for its sale.    A
decree for partition and appointment of commissioners was
held a final, appealable decree in *Rhodes* v. *Rhodes,* 172 Ill.
187, and *Jackson* v. *Jackson,* 144 id. 274.

In *Myers* v. *Manny,* 63 Ill. 211, (a bill to foreclose a
mortgage,) it was said (p. 213) : "Such a decree has al-
ways been regarded as so far final that it may be reviewed
on appeal or error.    It is only necessary that the rights of
the parties in the controversy be settled and determined to
make the decree final so as to authorize it to be reviewed.
It is not the last order in the case approving of the sale,
the execution of the deed or the report of the officer that
the writ of assistance has been executed that is the only
final decree in the case from which an appeal or writ of
error may be prosecuted, nor is it the approval of the mas-
ter's report that the decree has been executed in other cases,

but it is the decree which fixes and settles the rights of the parties."

A decree may be final even though it directs a reference to the master. (*Beebe* v. *Russell,* 19 How. 283; *Stovall* v. *Banks,* 10 Wall. 583; *Mills* v. *Hoag,* 7 Paige, 18.) The case of *Chicago Building Society* v. *Haas,* 111 Ill. 176, was a bill of review to set aside and impeach a decree on the ground that it was obtained by fraud, and for an accounting. A decree was entered setting aside the decree sought to be impeached and the case was referred to a master in chancery to take and state the account. On appeal to this court from that decree the question of its being a decree from which an appeal would lie was not raised, but in *Adamski* v. *Wieczorek,* 170 Ill. 373, where the question of what is a final or appealable decree was under discussion, the court cited *Chicago Building Society* v. *Haas, supra,* as a case in which the rights of the parties were finally determined by the decree appealed from, so that this court might properly entertain the appeal.

Under the decisions in this State the decree appealed from settled the rights of the parties and an appeal might be properly prosecuted therefrom. · The Appellate Court therefore erred in dismissing the appeal, and its judgment will be reversed and the cause remanded to that court for further consideration not inconsistent with the views herein expressed.          *Reversed and remanded.*

Mr. Justice Carter, dissenting:

I cannot agree with the conclusion in the foregoing opinion that the decree of the circuit court was final. In my judgment it was interlocutory. The courts have not laid down a satisfactory definition of what is an interlocutory decree. Generally, when anything is to be done to complete the decree it is not final but interlocutory. (2 Daniell's Ch. Pl. & Pr.—6th Am. ed.—*986, note 3.) "It is not practicable to settle any test which will be applicable in

every case, so as to separate into classes those orders which are appealable and those which are not. There are many cases which are obviously appealable; there are some as obviously not appealable. But there is an intermediate class which cannot be reduced to any fixed rule. When this latter class is to be dealt with, it would seem that this court is called upon to exercise a special judgment in each case, in view of its peculiar circumstances." (*Camden and Amboy Railroad Co.* v. *Stewart*, 21 N. J. Eq. 484; 2 Beach on Modern Eq. Pr. sec. 938.) When a decree leaves something more to be done than the mere ministerial execution of an order it is interlocutory and not final for the purpose of appeal, even though it settles the equities of the bill. (*Lodge* v. *Twell*, 135 U. S. 232; 2 Beach on Modern Eq. Pr. sec. 949.) Where the basis of a decree embracing the equities of a bill is found but the distribution among the parties in interest depends upon the facts to be reported by the master, until the court shall have acted upon such report and sanctioned it the decree is not final. *Craighead* v. *Wilson*, 18 How. 199.

This court held, on a bill for partnership accounting, that an interlocutory decree settling the rights of the several partners and determining the basis of the settlement should be first entered and then that the cause should be referred to a competent master to state the accounts. (*Moss* v. *McCall*, 75 Ill. 190.) To the same effect are *Mosier* v. *Norton*, 83 Ill. 519, and *Moffett* v. *Hanner*, 154 id. 649. In *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 148 Ill. 141, we said (p. 153) : "A judgment or decree is said to be final when it terminates the litigation between the parties on the merits of the case, so that, when affirmed by the reviewing court, the court below has nothing to do but to execute the judgment or decree it had already entered, and when the complainant or plaintiff is entitled to have the decree or judgment carried immediately into execution. Where a decree or judgment is final the proceed-

23 6—6

ings under it are only a mode of executing it, like the award of an execution." In *Gage* v. *Eich,* 56 Ill. 297, the same situation as to pleadings existed as in this case, and the order entered after the defendant had elected to stand by his demurrer stated "that all the material facts alleged in said bill of complaint are true and that the said complainants are justly and equitably entitled to the relief therein prayed for. * * * This court * * * doth order that it be and it hereby is referred to one of the masters of this court to compute and ascertain the amount justly due and owing to the defendant." In deciding this case we said that "it is a well settled rule in equity practice, as well as in proceedings at common law, that no appeal lies from any interlocutory order, merely;" and that "in this case there has been no final decree,—nothing, indeed, but overruling a demurrer to the bill and a reference to the master to state an account and to report the same to the court. The case is yet *in fieri,* and no appeal can lie."

This decree contains no provision that appellant should pay any amount ordered to be charged against it in the accounting and no execution was ordered or could issue thereon. Before the appellee could receive any relief thereunder it required a further order of court deciding equities that were material to the issues. It might readily be apprehended from the pleadings that one of the chief points of contention before the master in the taking of evidence and on any report made by him would be whether corsets manufactured by appellant were manufactured under this contract or under some other rights of appellant acquired either by a patent of its own or by license from others, so that the master would have something more than the mere mathematical work of computing the number of corsets manufactured. The circuit court, by the decree in question, merely declared the rights of the parties and the rules to be adopted in stating the account. Material issues still remain undisposed of. If the reformation of the contract

and the order that appellant should pay appellee $1728 per year for the three years in question were the only material points covered by the bill, then appellant's contention should be upheld. The decree, however, provides otherwise. Apparently, the provisions just referred to are but a small part of the controversy. Appellant should not be permitted to bring its case here by piecemeal, but the case should be finally disposed of on all the material issues before it is entitled to appeal. *Sholty* v. *Sholty*, 140 Ill. 81.

I think this decree is interlocutory and not final because it does not fully decide and fully dispose of the merits of the case. (*Mills* v. *Hoag*, 7 Paige's Ch. 18; *Gray* v. *Ames*, 220 Ill. 251.) It is not final also because the appellee, in whose favor it is made, cannot obtain any benefit therefrom without again having the case passed upon by the trial court. (*Johnson* v. *Everett*, 9 Paige's Ch. 636.) On the facts set out in the pleadings I am of the opinion that the judgment of the Appellate Court should be affirmed and the order in question held to be interlocutory.