**Matthew P. Kossakowski and Albert Grabarski, Appellants, v. Celenia M. Shuman and Frank M. Elliot, Appellees.**

### Gen. No. 17,008.

1. JUDGMENT—*right to enjoin collection.* A party seeking to enjoin the collection of a judgment must show that he has a good defense to the merits and equitable grounds for relief, he being himself without negligence.

2. JUDGMENT—*when collection of judgment on appeal bond will not be enjoined.* A tenant did not exercise his option to purchase the demised premises, claiming that the title was defective, but it appeared that he had been unable to raise the money. Rent being due, a judgment in forcible detainer was obtained, which was affirmed on appeal to the Circuit Court. An action on the appeal bond was tried on the issues that there was no rent due, that there was no lease, that the principal was in possession under a contract to purchase, and that the demands of the landlord had been satisfied by the payment of various sums of money. The landlord ob-

tained a judgment and the principal and surety filed a bill to enjoin its collection, claiming to have equitable defenses that they were unable to present, and a set-off that they were not obliged to set up in the action at law. *Held*, that practically the same questions had been litigated and there were no equitable grounds for relief.

3. JUDGMENTS—*when judgments in forcible detainer and on appeal bond are res adjudicata.* Rent was due and the landlord obtained a judgment in forcible detainer, the tenant being present at the trials and the judgment was affirmed on appeal to the Circuit Court. An action on the appeal bond was tried under issues that there was no rent due, that there was no lease, that the principal was in possession under a contract to purchase, and that the demands of the landlord had been satisfied by the payment of money. The landlord obtained a judgment and the principal and surety filed a bill to enjoin its collection. *Held*, the judgments in forcible detainer and on the appeal bond were *res adjudicata* of the fact that there was rent due and of the amount so due.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

LEON HORNSTEIN, for appellants.

MATZ, FISHER & BOYDEN, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook county dismissing for want of equity the bill of Matthew P. Kossakowski and Albert Grabarski, appellants, filed against Celenia M. Shuman and Frank M. Elliot, appellees. The bill was brought to enjoin the collection of a judgment for $600 debt and $470.50 damages, in favor of said Celenia M. Shuman and against appellants, obtained in a suit at law in said Circuit Court, upon an appeal bond given by the appellant Kossakowski, as principal, and the appellant Grabarski, as surety, in a forcible detainer case (brought before a justice of the peace and tried *de novo* in said Circuit Court) to recover possession of a cer-

tain house and lot, occupied by said Kossakowski under a written lease from said Celenia M. Shuman.

The facts are substantially as follows: On May 20, 1903, A. W. Shuman, then the owner of said house and lot, demised and leased the same to Kossakowski by written lease, signed and sealed by said Shuman, by said Elliot as his agent, and by said Kossakowski. The term was from May 25, 1903, until April 30, 1904, and the lessee was to pay as rent the sum of $420—$10 for the balance of the month of May, $50 monthly for the months of June, July, August and September, 1903, and $30 monthly for the balance of the term. Kossakowski, as lessee, agreed to accept the premises in their then condition and covenanted to keep the same in good repair and that all required repairs should be made by him at his own expense. On September 25, 1903, by written endorsement on the lease it was agreed that the rent for the months of October, November and December should be at the rate of $50 per month, instead of $30 per month, all other conditions and agreements to remain in force. On the day following the execution of said lease, May 21, 1903, the said parties signed a written contract whereby Kossakowski agreed to purchase said premises for $5,000 and Shuman agreed to sell the same at that price and to convey to Kossakowski a good and merchantable title thereto, by general warranty deed, but subject to "(1) existing leases, expiring April 30, 1904, the purchaser to be entitled to the rents from May 25, 1903," (2) taxes after 1902 and unpaid special taxes or assessments, and (3) a trust deed to secure the payment of $3,000, due October 1, 1905. The contract further set forth that the purchaser had paid one dollar as earnest money, and agreed to pay, within 5 days after the title had been examined and found good or accepted by him, the further sum of $999, or more, if said warranty deed was then ready for delivery, and the balance on or before one year after the delivery of said deed, that

said purchase should be completed on or before October 1, 1903, and that, in case said purchase was not made, "all payments made either in rents or on purchase price should be forfeited and this contract shall become null and void." The contract further provided that a merchantable abstract of title should be furnished by the seller; that the purchaser, or his attorney, should within ten days deliver to the seller or his agent a memorandum specifying all objections to the title, if any; that if material defects be found and reported, then if such defects be not cured within sixty days the contract should, at the purchaser's option, become null and void and said earnest money be returned; that notice of such election be given to the seller, but that the purchaser might nevertheless elect to take the title as it then was, provided he give written notice of such election within ten days after the expiration of said sixty days and tendering performance on his part; that "in default of such notice of election to perform, and accompanying tender, within the time so limited, the purchaser shall, without further action by either party, be deemed to have abandoned his claim upon said premises, and thereupon this contract shall cease to have any force or effect as against said premises, or the title thereto, or any right or interest therein, but not otherwise;" and that should the purchaser "fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money. paid as above shall, at the option of the vendor, be forfeited as liquidated damages, and this contract shall thereupon become and be null and void." On October 23, 1903, an endorsement was put upon the back of the contract, signed and sealed by Celenia M. Shuman, by Elliot as her agent, and by Kossakowski, to the effect that A. W. Shuman had died leaving a will wherein he had devised the premises to Celenia M. Shuman, that the contract was thereby re-executed by the said parties signing said endorsement and was in full force as though originally

signed by them, but that the time for the completion
of the purchase be extended "so as to be on or before
January 1, 1904." The purchase was not completed
within the time as extended, and on April 9, 1904, a
second .endorsement was placed upon the contract,
signed and sealed by Celenia M. Shuman and Kos-
sakowski, to the effect that the time for the comple-
tion of the purchase be extended to January 1, 1905.

Shortly before the expiration of the term of the lease
above mentioned and under date of April 23, 1904, a
new lease was made by Mrs. Shuman to Kossakowski,
leasing said premises from May 1, 1904, to April 30,
1905, for $630, payable in monthly installments of
$52.50. It is evident that Kossakowski had not fully
paid the rent stipulated in the prior lease because this
new lease contained the following provision, "That up
to May 1, 1904, there is due on account of accrued rent
of the premises herein described the sum of $270, and
that  *  *  *  the payment of the rental of $52.50 as
herein stated shall be applied as follows: $30 for the
rent of each month so paid and $22.50 each month so
paid applied on account of the indebtedness for rent
existing before May 1, 1904." By the terms of this
new lease, Kossakowski agreed to accept the premises
in their then condition, and covenanted to make re-
pairs at his own expense, as follows: reshingle certain
portions of the roof of the house, paper certain rooms,
calcimine other rooms, paint certain woodwork, and
make all other required repairs. And it was agreed be-
tween the parties "that the cost for the repairs herein
stated, not exceeding $250, should be deducted from
the purchase price of the property, provided the party
of the second part purchase the property on or before
January 1, 1905, which is more fully set forth in the
contract between the parties hereto, dated May 21,
1903, and which has been amended and endorsed to
extend to January 1, 1905."

Shortly prior to January 1, 1905, which was the date

of the expiration of the time limited within which Kossakowski might purchase said premises by virtue of the last extension of the agreement, Kossakowski submitted an abstract of title to his attorney for examination, which abstract he had obtained from Elliot. The attorney reported that he had discovered what he considered was a cloud upon the title and Elliot was notified of the fact. After various interviews were had, Elliot proposed giving a guaranty policy as a remedy for the alleged cloud, but Kossakowski, although his attorney advised him to accept it, refused to accept the policy, saying that he feared litigation and that he wanted the title cleared. It is claimed by counsel for Kossakowski that because of this defect in the title the purchase of the premises was not consummated by Kossakowski, and that he was able and willing at this time to perform his part of the contract, but the entire evidence in the case tends to the conclusion that he tried to raise the necessary money but was unable so to do.

On January 28, 1905, Elliot, as agent for Mrs. Shuman, caused a written notice to be served on Kossakowski to the effect that there was then due from him to her the sum of $195, as rent for said premises, that said sum was demanded, and that unless payment thereof was made on or before February 2, 1905, Kossakowski's lease of said premises would be terminated. On February 14, 1905, Mrs. Shuman filed her complaint in a forcible detainer suit against Kossakowski before a justice of the peace, and at the hearing on February 27, 1905, Kossakowski being present, the justice gave judgment in favor of Mrs. Shuman for said premises. An appeal was taken to the Circuit Court, Kossakowski filing his appeal bond, with Albert Grabarski as surety, in the sum of $600. On May 29, 1905, a trial de novo was had in the Circuit Court, at which both Elliot and Kossakowski testified. It appeared that while Kossakowski had expended some money in re-

pairs on the house, he had not reshingled the portion of the roof as he had agreed to do in the lease, that $180 in rent was then due and unpaid, and that Kossakowski was in possession of the premises. After the trial there were some conversations had between Elliot and Kossakowski and their attorneys relative to a settlement whereby Kossakowski was to pay Mrs. Shuman some money, but no settlement was consummated. On June 23, 1905, the court gave judgment for the premises in favor of Mrs. Shuman, together with costs, and directed that a writ of restitution issue. Kossakowski vacated the premises on July 31, 1905.

On November 10, 1905, Mrs. Shuman filed her declaration in said Circuit Court in an action of debt on said appeal bond against Kossakowski and Grabarski, and on November 21st, they filed ten pleas thereto. Mrs. Shuman claimed rent due under the lease and for the use and occupation of the premises until July 31, 1905, when Kossakowski vacated the premises, and interest and costs in the forcible detainer suit. In their pleas Kossakowski and Grabarski denied that there was any rent due; denied that Kossakowski had executed any lease, set forth the claim that Kossakowski was in possession of the premises under a contract to purchase the same and not under a lease, and claimed that Kossakowski had paid Mrs. Shuman various sums of money which had satisfied and extinguished the demands of Mrs. Shuman. By replications to these pleas Mrs. Shuman put in issue all of the claims made therein. On October 28, 1909, a trial was had in said court, resulting in a judgment against appellants herein for $600 debt and $470.50 damages, and costs, the debt to be discharged upon payment of said damages, upon which judgment execution was issued.

The bill filed in this case sought to enjoin the collection of the judgment. It proceeded upon the theory that appellants had certain equitable defenses in said suit on the bond which they were unable to present, and that one of said appellants had a claim of set off

which they were not obliged to set up in said action at law. The record discloses that practically the same questions which were put in issue by the pleas in said action on the bond and which were there decided adversely to appellants, were presented before the chancellor in this case, who after a full hearing upon the merits dismissed the bill for want of equity. We are of the opinion that the chancellor did not err in dismissing the bill. A party seeking to enjoin the collection of a judgment must show that he has a good defense to the merits and equitable grounds for relief, he being himself without negligence. Telford v. Brinkerhoff, 163 Ill. 439; Reed v. New York, etc. Bank, 230 Ill. 50, 53. Furthermore, we think that under the facts of this case the decision in the forcible detainer case and the judgment in said suit upon the appeal bond are *res adjudicata* of the fact that there was rent due from Kossakowski to Mrs. Shuman and also of the amount so due. Wright v. Griffey, 147 Ill. 496, 498; Hanna v. Read, 102 Ill. 596; In re Estate of Stahl, 227 Ill. 529. The decree of the Circuit Court is affirmed.

*Affirmed.*