**Arnold Holinger, Trustee, and Lewis E. Chipman, Appellees, v. Harriet E. Dickinson et al., Appellants.**

### Gen. No. 18,535.

**Julius Stichert et al., Appellants, v. Harriet E. Dickinson et al., Appellees.**

### Gen. No. 18,513.

1. APPEAL AND ERROR, § 1197*—*questions not reviewable on appeal from a final decree.* While an appeal from a final decree in equity ordinarily brings up the whole case on its merits, including interlocutory orders connected with the decree, such an appeal does not bring up a question which was definitely adjudicated and disposed of prior to the time of making such decree.

2. APPEAL AND ERROR, § 1199*—*when error in dismissing cross-bill not reviewable on appeal from final decree.* An appeal from a decree of foreclosure only, does not bring up for review a prior order dismissing a cross-bill.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term,

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

1912. Decree in case No. 18,535 affirmed. Case No. 18,513 stricken from the Docket. Opinion filed November 3, 1913.

**Statement by the Court.** The original bill was filed by Holinger, trustee, and Chipman in No. 18,535, May 15, 1911, against Harriet E. and Arthur W. Dickinson, Julius Stichert and others to foreclose a trust deed in the nature of a mortgage given by the Dickinsons to Holinger, trustee, to secure their principal note for one thousand seven hundred dollars and certain interest notes, payable to their own order, by them indorsed and held by complainant Chipman. The bill alleged that Julius Stichert claimed some interest in the mortgaged premises subsequent to the lien of said trust deed. June 27, 1911, Julius Stichert filed his cross-bill in the cause, alleging that he had entered into a contract with Arthur W. Dickinson for the purchase of the mortgaged premises and had made certain payments on such contract. June 28 the cause was referred to a master to take and report the proofs with his conclusions. The complainants demurred to the cross-bill, the other defendants thereto were defaulted, and July 11 the demurrer of the complainants to the cross-bill was sustained and the cross-complainant electing to stand by his cross-bill, the same was dismissed. July 18 a final decree of foreclosure and sale was entered and on the same day an appeal was prayed by Julius Stichert and allowed to the Supreme Court, "from said final decree this day entered," on his giving bond, etc. The appeal bond recites that complainants "on July 18 recovered a decree against Stichert and others for the foreclosure of a deed of trust in the nature of a mortgage, etc," from which decree Stichert had prayed an appeal to the Supreme Court. The appeal was perfected, but the Supreme Court transferred the cause to this court. The clerk of that court transmitted to the clerk of this court the record, but the appellant refused to pay the advance costs demanded by the

clerk and the clerk refused to docket the cause without the payment of such costs. The appellees on March 30, 1912, filed in this court a transcript of a "Short Record" of the cause and moved that the appeal be dismissed. This proceeding was docketed as case No. 18,513. The court denied the motion to dismiss the appeal and directed the clerk to file without payment of advance costs the record transmitted to him by the clerk of the Supreme Court, and the same was filed and docketed as case No. 18,535.

G. W. SPUNNER and HAYDEN N. BELL, for appellants, Julius Stichert et al.

BENSON LANDON, for appellees, Arnold Holinger et al.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

No question is made as to the propriety of the order made in case No. 18,513, and as no further order is necessary in that case it will be stricken from the docket.

The only error assigned on the record in case No. 18,535 is that the Superior Court erred in sustaining the demurrer of Holinger, trustee, and Chipman to the cross-bill and in dismissing the cross-bill.

The only question which we deem it necessary to consider or decide is the question whether the appeal brings before us for decision the error assigned. No appeal was taken from the order entered July 11 sustaining the demurrer of Holinger, trustee, and Chipman to the cross-bill and dismissing the same, but the appeal, by the terms of the order allowing it and of the appeal bond, was from the decree of foreclosure entered July 18 on the original bill. The general rule as to what is brought up by an appeal from a final decree is that, "While an appeal from a final decree in equity ordinarily brings up the whole cause upon

its merits, including interlocutory orders connected with the decree, such an appeal does not bring up a question which was definitely adjudicated and disposed of prior to the making and entering of the final decree appealed from." 3 Cyc. 228. "An appeal from the final decree only, cannot bring up a question which had been definitely adjudicated and disposed of previous to the time of making such decree." Walworth, Chancellor, in *Mapes v. Coffin,* 5 Paige (N. Y.) 296. In *Siegel v. Andrews & Co.,* 181 Ill. 350, it was contended that the chancellor erred in dismissing the cross-bill as to defendants who had answered and had a hearing on the cross-bill and their respective answers, and it was said (p. 356): "The contention is not tenable, because appellants have not appealed from the decree dismissing the cross-bill as to defendants who had a hearing on the bill and answers. This decree was entered January 5, 1893, and the decree appealed from was entered November 13, 1897. Appeals are purely statutory, and no one can, on appeal, complain of a decree from which he has not appealed." "The cross-bill was no part of the original proceeding, and it in no wise depended upon it." *Myers v. Manny,* 63 Ill. 211.

The record is a *præcipe* record. It does not include the master's report, although the record shows that one was made and filed in the cause.

We think the court properly entered the decree of foreclosure and sale in case No. 18,535, and the decree in that case will be affirmed.

*Decree in case No. 18,535 affirmed. Case No. 18,513 stricken from the Docket.*